## HUBBELL *against* PECK.

Where *A* and *B* owned adjoining lands fronting on a street; there was no fence on the line between them ; *B,* in erecting his front fence on the line of the street, which was coincident with *A's* front line, placed a post on the end of the dividing line next the street, so that part of it stood on *A's* land and part on *B's* ; in trespass brought by *A* against *B* for such act, it was held, that as *B* was not erecting a divisional fence, but his own front fence, and as the statute relating to fences is applicable to divisional fences only, *B* was not protected, by that statute, and of course, was liable as a trespasser.

*Fairfield,*
June, 1842.

Burroughs
*v.*
The Housatonic Rail-road Company.

*Fairfield,*
June, 1842.

Hubbell
*v.*
Peck.

THIS was an action of trespass *quare clausum fregit,* brought originally before a justice of the peace ; appealed to the county court, where it was tried on the general issue ; and that court, having found that the title of land was in question, found the issue for the defendant.   The plaintiff appealed to the superior court, where the cause was tried, *February* term, 1842, before *Sherman,* J.

The land on which the trespass complained of was alleged to have been committed, adjoined the land of the defendant on a straight line running *Northerly* and *Southerly* between them ; the two lots fronting on a highway in *Bridgeport,* which bounded them on the *North.*   There was no fence on the line between them ; nor had it ever been divided.   The defendant, in erecting his front fence on the line of the highway, which line, if extended, would be coincident with the plaintiff's front line, placed a post on the *North* end of the dividing line, so that a part of it stood on the plaintiff's land, and a part on the defendant's own land.

The plaintiff claimed, that the setting of the post in that manner, was a trespass, for which he was entitled to recover in this action.   The defendant, on the other hand, claimed, that as he had a right to make a divisional fence on the dividing line, where there was none, and this post was necessary as a part thereof, he might lawfully set half the post on the plaintiff's land and half on his own.

The court charged the jury in conformity to the defendant's claim ; and the jury returned a verdict accordingly.   The defendant thereupon moved for a new trial for a mis-direction.

*Hawley* and *Dutton,* in support of the motion, contended, That the act complained of was a trespass, both at common law and under our statute.   That the digging of a hole in another man's land and setting down a post there, constitute, *prima facie,* a trespass at common law, cannot be questioned. Is it, then, authorized, by our statute regarding fences ?   The statute is applicable only to a " divisional fence ;" and the defendant, to justify the acts complained of, must shew, that he was making such a fence, and that he conformed, in every respect, to the requirements of the statute.   Has he done this ?   He has failed *in limine.*   He has not shewn, that he

was making, or ever intended to make, a divisional fence. He was in truth making a front fence, wholly on his own land, except the post in question. He is, then, no more protected by the statute, than by the common law: he is a trespasser every way.

*Bissell* and *Loomis*, contra, insisted, That the defendant had begun to make a divisional fence, and had begun where he had a right to begin. If he had begun at the rear end of the dividing line, and had come to the front with his fence, he would have had a right to set the post just where he did set it. Now, does it make any difference, with respect to the right in question, at which end he begins his fence? This post is a divisional fence, as far as it extends.

STORRS, J. The defendant, by placing a part of his post on the plaintiff's land, was *prima facie* a trespasser; and therefore, it was incumbent on him to shew some excuse or justification for such act. Regularly, such excuse or justification should have been pleaded specially; but as no objection appears to have been made to its introduction under the general issue, a new trial would not be granted on that ground. The validity of the defence set up by the defendant, is, therefore, properly before us for decision. He claims, that said post would form the termination and a part of the divisional line between his land and that of the plaintiff; and therefore, that he was justified in so placing it, by the second section of the "Act concerning Fences and Common Fields," which provides, that, when adjoining proprietors make a divisional fence, the posts shall stand in the dividing line. *Stat. p.* 250. (ed. 1838.) Assuming that the defendant had a right to erect a divisional fence on the line between him and the plaintiff, without the concurrence of the latter; and that, if he had done so, he would have been justified in placing the post as he has done in this case; it is a sufficient answer to this ground of defence, that in doing the act complained of, he was not in the exercise of that right. The act, therefore, was not done for a legal cause. He was not erecting a divisional fence, but a front fence, and the statute applies to the former only. The plaintiff derived no benefit from the latter; the statute does not compel him to contribute towards its erec-

*Fairfield,*
June, 1842.

Hubbell
*v.*
Peck.

*Fairfield,*
June, 1842.
———
Hubbell
*v.*
Peck.

tion ; he has no interest in it ; and there is no reason why any part of it should be placed on his land.   If there was a divisional fence between the parties, the post would indeed form a part of it, and so would have been lawfully placed in part on the plaintiff's land ; but it is difficult to conceive how there can be a justification for placing it in that manner, as being a part of a divisional fence, when no such fence existed or was contemplated ; and the law does not allow of its being so placed as a part of any other.   If the defendant had been erecting, not only a front fence, but also a divisional one, he might have justified himself in placing the post as he did, as being a part of the latter ; but it is not claimed, that such was the case, and the defence is not put on this ground.   If the question had arisen on a special plea of justification, it is plain that the defence would fail.   The plea must have stated the material fact that the post was part of a fence which the defendant had erected, or was erecting, on the dividing line ; and upon a denial of the averment, the issue must have been found in favour of the plaintiff.   A plea that it was part of a front fence merely, would obviously be bad.   This conclusively tests the principle involved in the case.   It is one of very considerable practical importance, especially in thickly settled places, where the owners of adjoining lands might choose to erect different kinds of fences in front of them ; and much contest, injustice, and inconvenience might ensue from the adoption of the principle claimed by the defendant.

We, therefore, advise a new trial.

In this opinion the other Judges ultimately concurred ; HINMAN, J., having a different impression at first.

New trial to be granted.