GEORGE A. CURRIER *vs.* JEREMIAH A. ESTY.

Essex. January 28.— 29, 1875. AMES & ENDICOTT, JJ., absent.

A disclaimer of title in an action at law on which judgment has been entered, but which has been adjudged by a decree in equity to be founded in mistake, is not admissible in a subsequent suit as evidence of an admission by the party disclaiming.

A judgment upon a disclaimer upon a writ of entry does not transfer the title, or operate otherwise than by estoppel.

A line designated by fence-viewers for a fence under the St. of 1863, c. 190, has no effect upon the title or right of possession of the land.

TORT for breaking and entering the plaintiff's close, ploughing up the soil and taking away and converting certain trees and shrubs of the plaintiff. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff introduced in evidence a deed of the premises described in his declaration, from one Proctor to himself. He also offered evidence of possession under the deed, and evidence tending to prove that the defendant entered upon the premises, and committed the acts alleged in the declaration.

It appeared in the case, and was not controverted, that in 1866 the defendant commenced a real action against the plaintiff, in which he claimed, with other land, the *locus* described in this declaration; that the plaintiff filed a disclaimer to the *locus*, and judgment was rendered upon said disclaimer in 1868; and that subsequently, in 1871, the plaintiff brought a bill in equity against the defendant, to enjoin him from using or setting up said judgment or disclaimer as any evidence of title. Upon the filing of said bill, a temporary injunction issued, " as prayed for," to continue until the further order of said court. The bill in equity went on to final hearing, and was decided by the full court in 1873, by whose rescript a " decree for the plaintiff with costs " was ordered to be entered.

The defendant then offered in evidence the disclaimer of the plaintiff in the real action, so far as related to that part of the *locus* in question upon which the alleged trespass was committed, as a declaration *in pais* for the purpose of showing the circumstances under which the defendant entered upon the said *locus*, and stated to the court that the disclaimer was not offered either

as an estoppel or bar to the plaintiff's title to the premises described in his writ, or as evidence of title in the defendant. But the judge ruled that the pleadings in that case were not competent evidence for any purpose.

The defendant then asked the judge to rule that, the property having become vested in him by operation of law in consequence of the aforesaid judgment in the real action, the plaintiff could not maintain this action against him ; that if the defendant entered upon the *locus* by reason of the law vesting the property in him, and forcibly withheld possession from the plaintiff, then the plaintiff's remedy was by action of forcible entry and detainer, and not tort in the nature of trespass *quare clausum*. But the judge declined so to rule.

The defendant then offered evidence to prove that, in May, 1870, under the St. of 1863, *c.* 190, he called upon the fence-viewers of the town of Middleton, where the premises are situated, to determine upon a partition fence between him and the plaintiff, the plaintiff having failed and neglected to build any fence after due notice ; and to show that upon the adjudication of the fence-viewers after notice to both parties, the fence-viewers assigned to the defendant to build a fence upon a certain line which was upon the *locus in quo*, and that he built the same in pursuance of that notice and assignment. But the judge ruled that the fence-viewers could not establish a line that would give to the defendant any right to trespass upon the premises, nor establish a boundary between the parties so far as title is concerned, and excluded the evidence. The jury found for the plaintiff, and the defendant alleged exceptions.

*C. Sewall*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

GRAY, C. J.    In the suit in equity between these parties, it was adjudged that the disclaimer in the writ of entry and the judgment thereon were founded in misapprehension and mistake of fact, and that the defendant should be perpetually enjoined from availing himself of them by way of estoppel against the plaintiff. *Currier* v. *Esty*, 110 Mass. 536.

At the trial of the present action of trespass, the defendant did not attempt to disregard the decree in equity, by availing himself of the disclaimer and the judgment at law as an estoppel. He

only offered the disclaimer as evidence of a declaration by the plaintiff against his interest; and the judgment as vesting the title in himself.

But the disclaimer, having been adjudged to be founded in mistake, was no evidence of an admission by the plaintiff. And a judgment upon a disclaimer does not transfer title, or operate otherwise than by estoppel. *Oakham* v. *Hall*, 112 Mass.    .

A line designated by fence-viewers under the St. of 1863, *c.* 190, is established only "for the purpose of maintaining a fence," and has no effect upon the title or right of possession of the land.                                                      *Exceptions overruled.*