## JOHN KENNEDY *vs.* LOUISA P. OWEN.

Franklin.    Sept. 21. — Oct. 22, 1881.    LORD & DEVENS, JJ., absent.

An action on the Gen. Sts. c, 25, § 4, to recover double the value of a partition fence, rebuilt by the plaintiff, and double the amount of the fees of the fence-viewers for their services in relation thereto, cannot be maintained, unless the fence is built upon the line which divides the premises of the parties, if this is known and undisputed; and, in the absence of any adjudication by the fence-viewers, under the St. of 1863, c. 190, designating the line on which the fence should be built, the line adopted by the plaintiff is not conclusively binding upon the defendant.

The objection that a defence is not open under the pleadings, which is not raised in the court below, is not open upon a report of the case, although the pleadings are made a part thereof.

CONTRACT on the Gen. Sts. c. 25, § 4, to recover double the value of a partition fence, which the declaration alleged the plaintiff had rebuilt, and the defendant was bound to maintain; and double the amount of the fees of the fence-viewers for their services in relation thereto. Answer, a general denial. Trial in the Superior Court, without a jury, before *Colburn,* J., who ruled that the plaintiff could not maintain his action; found for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was right, judgment was to be entered for the defendant on the finding; otherwise, judgment for the plaintiff for such sum as he was entitled to recover. The pleadings were made part of the report. The facts, so far as material to the point decided, appear in the opinion.

C. G. *Delano,* for the plaintiff.

G. D. *Williams,* for the defendant.

MORTON, J. We have not found it necessary to consider the questions raised by the report as to the legality and regularity

of the proceedings of the fence-viewers, because one fact appears which is decisive against the right of the plaintiff to maintain this action. It was admitted at the trial, " that no part of the fence built by the plaintiff was built upon the line between his premises and those of the defendant, except at one point where it crossed the line, some of it being one side the line and some the other." The statute under which the plaintiff proceeded does not in precise terms fix the line upon which a partition fence is to be built, but by necessary implication it provides that it must be built upon the line which divides the premises of the parties, if this is known and undisputed. Gen. Sts. *c.* 25. It cannot lawfully be built upon any other line except by agreement of the parties. The plaintiff had the right to build the fence upon the division line, placing one half upon his land and one half upon the defendant's land, but he had no right to build any part of it wholly upon the defendant's land. That part of the fence built by the plaintiff upon the defendant's land was a private nuisance, which the defendant could lawfully abate and remove. *Newell* v. *Hill,* 2 Met. 180. *Sparhawk* v. *Twichell,* 1 Allen, 450.

The plaintiff's right to recover depends wholly on the statute, and, as he fails to show a compliance with its provisions in one essential particular, he cannot maintain his action. We are not called upon to consider what might be the effect of an unintentional and immaterial deviation from the true division line, as in this case the whole line adopted by the plaintiff was different from the true line except at the point where the two lines crossed.

The plaintiff relies upon the St. of 1863, *c.* 190; but this statute has no application to the case. It provides that, when a division line is in dispute or unknown, the fence-viewers shall have the power to designate a line on which the fence shall be built, which line shall for the purpose of maintaining a fence be deemed the division line until it shall be determined by judicial proceedings or otherwise that the true line is in another place. But the plaintiff in his complaint to the fence-viewers did not state a case under this statute. He did not call upon them to designate a line on which the fence might be built because the true line was in dispute or unknown, and the fence-viewers did

not in fact designate a line. In the absence of any adjudication by them, the line adopted by the plaintiff cannot be conclusively binding upon the defendant. *Sears* v. *Charlemont*, 6 Allen, 437.

The ground now taken by the plaintiff that this point was not open to the defendant under the pleadings, was not taken in the Superior Court. On the contrary, both parties asked for rulings as to the effect of the deviation from the true line without reference to the pleadings. *Judgment for the defendant.*