BOSTON & ALBANY RAILROAD COMPANY *vs.* GEORGE P. BRIGGS.
SAME *vs.* SAME.

Berkshire.    Sept. 13, 1881. — Jan. 5, 1882.    LORD & DEVENS, JJ., absent.

The duty of maintaining a fence at a place where one is required to be built by the St. of 1879, *c.* 205, § 1, is not imposed by law upon the owner of land adjoining a railroad constructed prior to the St. of 1841, *c.* 125.

A husband and wife, who were joint tenants of a parcel of land, conveyed by deed a portion of it to a railroad corporation for its road-bed, prior to the St. of 1841, *c.* 125. As part of the same transaction, they delivered to the corporation a receipt, not under seal, signed by the husband alone, and not recorded, purporting to be a duplicate receipt for the consideration of the deed and to be in full " for land and land damages for the track of the road and for fencing the same." The husband afterwards died, and the wife sold the remainder of the land by a deed making no reference to fences. *Held,* that there was no contract to fence running with the land, which the railroad corporation could enforce against the purchaser under the St. of 1879, *c.* 205, § 2.

THE FIRST CASE was an action of contract under the St. of 1879, *c.* 205, § 2, to recover the cost of a fence built by the plaintiff corporation on the line of its railroad and the defendant's adjoining land.

THE SECOND CASE was a petition to enforce a lien, under the same statute, upon the defendant's land, for the cost of the same fence.

The two cases were tried together in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiff has all the rights and franchises of the Western Railroad Corporation, which was incorporated by the St. of 1833, *c.* 116, and whose location in the county of Berkshire was filed on November 29, 1839. Its railroad was constructed before April 1, 1841.

On June 23, 1838, Moses A. Lee and Adelia M. Lee, who then, as joint tenants by devise, owned the land now owned by the defendant, and a strip of land adjoining, over which said railroad was afterwards located, conveyed said strip to the Western Railroad Corporation by a warranty deed, in which the consideration was stated to be $650. At the time of the delivery of this deed, and as part of the same transaction, Moses A. Lee and his wife delivered to the railroad corporation a duplicate receipt for the consideration thereof, of the following tenor: "Springfield, June 1838. Received of George Bliss, agent of the Western Railroad Corporation, six hundred and fifty dollars, in full for land and land damages for the track of the road and for fencing the same, for which I have given said corporation my deed bearing date June 23, 1838, this being a duplicate receipt for the consideration of said deed. M. A. Lee."

Moses A. Lee died on June 10, 1842, leaving his wife surviving him. She afterwards conveyed the adjoining land by a warranty deed; and the defendant derives his title to said adjoining land through mesne conveyances from Mrs. Lee, none of which contained any words relating to fences between said land and the railroad.

After the passage of the St. of 1879, the plaintiff constructed, at a cost of $200, a fence on the line of its location and said adjoining land, there being no suitable fence there. The plaintiff

duly filed its certificate of a lien, and no objection is made to the form thereof.

The judge found for the defendant in each case; and the plaintiff alleged exceptions.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

*H. L. Dawes*, (*M. Wilcox* with him,) for the defendant.

ALLEN, J.   The plaintiff built a fence along the line of its railroad at a place where it was required to do so by the St. of 1879, *c.* 205, § 1, and it brings this action, under § 2, to recover the cost thereof from the defendant.   The only question made is, whether the duty of maintaining the fence was, by law or contract, imposed upon the defendant.   The plaintiff has all the rights of the Western Railroad Corporation, whose railroad was located and constructed prior to the St. of 1841, *c.* 125.   The road was located over land belonging to Moses A. Lee and Adelia M. Lee, his wife, as joint tenants by devise; and they conveyed the land taken by the location, and on which the road is constructed, to the corporation, and received from it payment for the land conveyed, and for damages to the remaining land. Mrs. Lee survived her husband, and became sole owner by survivorship of the land adjoining that conveyed to the corporation, and along which the fence is built.   The defendant holds such adjoining land through mesne conveyances from her.

It is contended that the defendant is under obligation to maintain a fence between his land and the railroad, upon two grounds. First, that the law puts upon the owners of land adjoining a railroad, constructed prior to the St. of 1841, *c.* 125, the duty of fencing against the railroad; and, second, that the transaction between Mr. and Mrs. Lee and the corporation constituted a contract to maintain a fence binding upon all claiming the land under them.

1. Prior to the St. of 1841, *c.* 125, there was no statute providing for fences between the owners of land adjoining a railroad and the railroad, and the common law as to owners and occupiers of adjoining lands applied.   Neither had a right to trespass himself, or by his servants or cattle, on the land of the other, and neither had a right to require the other to prevent trespasses by maintaining a fence.   And the law was the same whether the land was held by the railroad company by purchase,

as in the case at bar, or was taken by the corporation and damages ascertained and paid, as in case of land taken for highways. *Rust* v. *Low*, 6 Mass. 90. *Stackpole* v. *Healy*, 16 Mass. 33. *Thayer* v. *Arnold*, 4 Met. 589. *North Bridgewater Parish* v. *Plymouth*, 8 Cush. 475. *Holbrook* v. *McBride*, 4 Gray, 215. *Eames* v. *Salem & Lowell Railroad*, 98 Mass. 560. *Bronson* v. *Coffin*, 108 Mass. 175.

2. There is nothing in the deed from Mr. and Mrs. Lee putting upon them the obligation to maintain a fence; but it is contended that the receipt given by Mr. Lee for the price of the land conveyed, and for damages to the remaining land and for fencing, is a contract to maintain a fence, and is a part of the transaction of giving the deed and settling for damages, which constitutes a contract which binds the land, and operates as a covenant running with the land. It is difficult to see how any contract to maintain a fence can be found in this receipt. The statute incorporating the Western Railroad Corporation provides that damages for land taken shall be ascertained as in case of land taken for highways; St. 1833, *c.* 116, § 7; and the mention of fences in the receipt would seem rather to refer to an item of damage common in highway cases, and to acknowledge receipt of payment for an expense necessary to be incurred by the landowner for the beneficial use of his remaining lands, than to impose a duty to maintain a fence upon him. *North Bridgewater Parish* v. *Plymouth, ubi supra. Holbrook* v. *McBride, ubi supra.*

But if the words can be assumed to import a contract, it is one personal to M. A. Lee. His wife was joint owner with him, and by survivorship became sole owner. The writing does not purport to bind her, and he had no authority to bind her by a contract. The only authority he had, and it is to be presumed the only authority he attempted to exercise, is that conferred by the St. of 1833, *c.* 116, § 8, which authorizes the husband to release all damages for lands of his wife taken by the corporation. It is plain that he could not create an easement in the land, or make a covenant or contract which should bind the land as against his cotenant or her grantees. But if M. A. Lee had authority, and the words were sufficient to constitute a covenant running with the land, the writing is not under seal, and is not

recorded, and the right which the plaintiff claims is in effect an easement in the land. It is clear that the defendant is under no duty to maintain a fence by virtue of any contract made by the owners of the land when they received damages for the construction of the railroad. *Morss* v. *Boston & Maine Railroad*, 2 Cush. 536.

It follows that neither the action against the defendant, nor the proceedings to enforce a lien, can be maintained.

*Exceptions overruled.*