## JOHN KENNEDY *vs.* LOUISA P. OWEN.

Franklin.    Sept. 19, 1882. — Feb. 27, 1883.    FIELD, COLBURN & HOLMES, JJ., absent.

The remedy provided by the Gen. Sts. *c.* 25, § 4, for enforcing payment of an award of fence-viewers, is applicable only to a case where the duty of maintaining the fence is required by the statute, and does not apply to a case where such duty arises from the acceptance of a deed containing a condition to maintain it.

CONTRACT.    The declaration alleged that the plaintiff, on July 31, 1880, was the owner in fee and occupant of a certain tract of improved land in Greenfield; that the defendant was the owner in fee and occupant of an adjoining tract of improved land; that both of these tracts of land were formerly one undivided lot, of which one Harding G. Woodard was seised in fee; that Woodard, on July 18, 1868, conveyed to one Jesse A. Coombs the defendant's land, by a deed duly recorded and containing the following condition: "that the said Coombs, his heirs and assigns, shall make and maintain all fences around the granted premises;" that afterwards Coombs, under and by virtue of said condition, made and erected a partition fence between the land so conveyed to him and the remaining part of said lot, which is the same as the plaintiff's land; that said fence was kept up and maintained by Coombs while he remained the owner of said land; that on September 7, 1868, Coombs conveyed said land in fee to the defendant, by deed duly recorded and containing the following condition: "that the said Owen is to make and maintain all the fences around the granted premises;" that Woodard, on February 7, 1870, by deed duly recorded, conveyed in fee the remaining part of said lot, separated by the said fence, to the plaintiff; that under and by virtue of said condition, the defendant, as owner

of said land adjoining the land of the plaintiff, became bound by law to keep up and maintain the fence; that on July 31, 1880, said fence having become ruinous and out of repair, and the defendant, though often requested, having refused and neglected to repair or rebuild the same, the plaintiff complained to the fence viewers of Greenfield, of the refusal and neglect of the defendant; that the fence-viewers, after due notice to the defendant, surveyed the fence, determined that it was insufficient, signified the same in writing to the defendant, and directed her to repair or rebuild the fence within fifteen days from the date of their order; that the plaintiff afterwards rebuilt the fence, the defendant failing to comply with said order; that the fence-viewers, after due notice to the defendant, adjudged the fence sufficient and gave their certificate of the value thereof, together with their fees, the value being fixed at the sum of $55.62, and the costs of their proceedings at the sum of $9.08; that, more than one month before the date of the writ in this action, the plaintiff demanded of the defendant double the sum ascertained to be the value of the fence, and also double the amount of the fees and costs of the fence-viewers; that the defendant had for more than one month after said demand, and ever since, neglected and refused to comply therewith, and had never paid the same; that in all the above proceedings the provisions of the Gen. Sts. c. 25, §§ 3, 4, had been complied with; and that an action had thereby accrued to the plaintiff, and he was entitled to recover of the defendant the sums aforesaid, amounting in the whole to the sum of $129.40.

The defendant demurred to the declaration, on the ground that it set forth no legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. G. Delano*, for the plaintiff.

*G. D. Williams*, for the defendant.

C. ALLEN, J. The special remedy provided by statute for enforcing payment of an award of fence-viewers is applicable only to cases where the neglected duty of maintaining the fences was also required by the statutes. The remedy is by an action to recover double the amount of the award. It is therefore not to be extended beyond the spirit of the statute

The language of § 3, that, "if a party refuses or neglects to repair or rebuild a partition fence which he ought to maintain," the aggrieved party may complain to the fence-viewers, means a partition fence which he *ought to maintain,* by force of the provisions of this chapter. It was not designed to give this special remedy, with the infliction of double damages, for the omission to perform an ordinary voluntary contract, unless indeed such contract should be entered into and recorded according to the provisions of § 11. That section provides that, where a division of fence has been made, either by fence-viewers or under an agreement in writing between the parties recorded in the town clerk's office, the several owners, and their heirs and assigns, shall erect and support said fences according to such division; thus imposing upon them the statutory duty of performing their agreement, and, as may reasonably be considered, subjecting them to the statutory remedy in case of non-performance.

The case of an agreement not so recorded, or of an obligation arising from the acceptance of deeds, such as it is contended exists in the present case, is not included in the above or any other section of the statutes; and the statutes were not designed to furnish a new and cumulative remedy for enforcing a right which existed, if at all, under other agreements than those specified. We are to ascertain from a reading of the whole statute what the Legislature intended, and not merely to look at the literal construction of the words of a particular clause, taken by itself alone. Reading § 2 of the statute literally, it would require the plaintiff in the present case to maintain this partition fence with the defendant, in equal shares. But that section is not designed to override any agreement made between the parties. So, in like manner, § 3 is not to receive a construction which shall subject the defendant to an onerous liability for an omission to perform duties not imposed by the statute. Certain duties are declared, and certain remedies provided, in the same chapter. The natural and obvious meaning is, that the statutory remedies are designed for the breach of the statutory duties. See Bishop on Written Laws, § 193, note, and cases cited.                     *Judgment for the defendant affirmed.*