JOHN FAY *vs.* GUSTAVUS ELLIOTT & another.

Worcester.　September 29, 1891. — November 11, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Division Fence — Unenclosed Land — Owner or Occupier.*

The owner of unenclosed land, who has leased the same and does not occupy it, is not liable, under the Pub. Sts. c. 36, to the owner of adjoining land for double the expense of building a division fence and the fees of the fence viewers.

CONTRACT to recover double the expense of building a division fence and the fence viewers' fees. The case was submitted to the Superior Court on the following agreed statement of facts.

The record title to a lot of land in Bluff Street in Worcester stood in the joint name of the defendants, who were man and wife, without the knowledge or consent of the wife, who had no actual use, occupation, or ownership in the estate. The defendants' lot had not been enclosed, and was not improved by them, except that it was leased to third parties for the storing of carts and trucking material thereon. The plaintiff, who was the owner of an adjoining lot, and was improving the same by building thereon, requested the defendants to build a division fence with him at the equal expense of both, and the defendants refused. The plaintiff then called in the fence viewers, and they duly adjudged a fence necessary, and directed it to be built, and, upon the defendants' failing to carry out the order of the fence viewers, the plaintiff built the entire length of the fence.

*Aldrich,* J. ordered judgment for the plaintiff against the defendant husband and in favor of the wife; and the husband appealed to this court.

*E. B. Glasgow,* for the plaintiff.

*W. A. Gile,* for the husband.

MORTON, J. This is an action to recover double the expense of building a division fence and the fees of the fence viewers. The fence viewers had required the defendants to build the fence, but they did not do it, and the plaintiff built it.

The right of the plaintiff to recover depends on the construction to be given to the statutes relative to the making and repairing of partition fences, and more especially of §§ 2, 10, and 14 of the Pub. Sts. c. 36. Section 2 provides generally that " the respective occupants of lands enclosed with fences shall, so long as both parties improve the same, keep up and maintain partition fences between their own and the next adjoining enclosures, in equal shares." This section evidently relates to enclosed lands, and its object is to secure the maintenance of fences between the respective occupants of such lands so long as they are improved. It appears from the agreed facts, that the defendants' land was not enclosed, and had not been, and was not occupied or improved by them, unless the fact that it was leased by them for the purpose of storing carts and trucking material constituted such improvement and occupation ; neither does it appear that the plaintiff's land was enclosed, although it is stated that he was improving it by building thereon. It is clear, therefore, that the plaintiff cannot recover by virtue of § 2.

Section 10 provides that, " when lands belonging to two persons in severalty have been occupied in common without a partition fence between them, and one of the occupants desires to occupy his part in severalty, and the other occupant refuses or neglects " to divide the line or build a fence on his part of it when divided, the party desiring the fence may apply to the fence viewers, and, if a partition fence is required, they may divide and assign the same; and in certain contingencies the party applying may build the whole fence and recover of the other party double the expense of building the portion assigned to such party, with the fees of the fence viewers. There is no doubt that the lands belonged in this case to the plaintiff and to the defendants in severalty, and had been occupied by them in common within the meaning of the statute. But it is to be observed, that it is only in case the occupant, not the owner, refuses or neglects to divide the line, or to build a fence where the line is divided, that the right of the other party to apply to the fence viewers accrues. The owner may be the occupant, but in such a case it is his neglect or refusal as occupant, and not as owner, that enables the other party to set the law in motion. Again, it is the occupant, not the owner, who is made liable for

double the expense of the fence and for the fees of the fence viewers. The statute distinguishes between owner and occupant. Thus, in § 12, it is provided that, if a party ceases to improve his land, or lays it open, he shall not take away any part of the partition fence, provided the owner or occupant of the adjoining enclosure will pay for it. So, in § 13, it is provided that, when land which has lain unenclosed is enclosed, the owner or occupant shall pay one half of such partition fence between it and the enclosure of any other occupant or owner. The reason for giving the occupant power to call on the fence viewers, and for making him liable, is obvious. He is the one who will be benefited usually by making and maintaining the fence. Generally he will be the owner. When the owner is not the occupant, it would be unjust to make him pay for something which may be of no advantage to him, and of which another person may reap almost all, if not quite all, the benefit.

In the present case the only evidence relied on of occupation on the part of the defendants, or either of them, was the fact that they had leased it to third persons for storing carts and trucking material. The character of the tenancy is not stated; whether at sufferance or at will, or for years or for life. But whichever it was, so long as it continued, the lessee had the right of possession and occupancy. He, and not the owner, was the occupant, and he was the one against whom the proceedings should have been instituted and this action brought.

The plaintiff contends, however, that under the provisions of § 14 the fence viewers had a general power to require the fence to be built, and to apportion the expense. But even if that were so, which we do not intimate, the jurisdiction of the fence viewers only extended to cases concerning fences "between the lands of the respective occupants," and, as we have already seen, the defendants were not the occupants of the lot belonging to them. As this is conclusive against the plaintiff's right to recover under this section, it is unnecessary to consider its scope further.

The result is, therefore, that judgment should have been entered for both defendants, and it is

*So ordered.*