## Ross et al. v. Harben.

1. *Conveyances—Reformation of a Deed.*—R. entered into a contract with S., obligating himself, upon the payment of a certain sum of money, to convey to S. a tract of land. In the contract, S. stipulated to make a good and lawful fence around certain parts of the premises, prior to his being entitled to use and occupy the same. R. was to furnish three strands of wire for the west, south and east sides. S. was to be at all other expense in building, repairing and keeping up the fence. Afterward, by a memorandum signed by both parties, and attached to the contract, R. agreed that, upon the payment of the other sums of money, he would convey to S. another tract of land, adjoining the one named in the contract. In this memorandum it was stipulated that S. was to make, and keep up, at his cost, a good and substantial fence, that would turn all stock, not less than five feet high. S. afterward assigned the contract and memorandum to H., to whom R. and wife executed and delivered a deed, conveying to him both tracts of land. This deed contained the following clause : "The said party of the second part and his grantees, at his and their own cost and expense, to keep up a good and substantial fence, that will turn all stock, not less than five feet high." When completed the deed was folded by R. and handed to H., who accepted it without examination and filed it for record, without knowing that it was so conditioned. *Held*, upon a bill filed to expunge this clause from the deed by H., that the undertaking was personal in its character, and not in the nature of a covenant running with and attached to the land, and that H. was entitled to have it expunged from the deed.

**Memorandum.**—Bill in chancery to expunge a clause surreptitiously inserted in a deed. Writ of error to reverse a decree rendered by the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed June 5, 1893.

The statement of the facts is contained in the opinion of the court.

Ross v. Harben.

Plaintiffs' Brief, J. S. Winter, Attorney.

The rule is, to authorize the reformation of a deed, it must appear that through the mistake or fraud of the parties to it, the intention of neither has been expressed. Maher v. Ins. Co., 67 N. Y. 283; Avery v. Equitable Life Ass. (N. Y.), 23 N. Rep. 3; Conger v. Chicago, R. I. R. R. Co., 15 Ill. 366; 2 Wash. R. Prop. 303.

In New Hampshire it has been held, where it was stipulated in a deed the grantee should keep up a fence around the premises granted, if the deed was recorded, it would bind his assignee, though not signed by him. Burbank v. Pillsbury, 48 N. H. 475; see also Kellogg v. Robinson, 6 Vt. 276.

"When the covenants are in the very contract by which the covenantor acquired his land, the performance of those covenants plainly forms a part of the consideration, without which the conveyance would not have been made." Van Rensselaer v. Smith, 27 Barb. (N. Y.) 146.

To reform a deed on that ground, it must distinctly appear from the stating part of the bill, that the written contract, as it stands, was the result of a mutual mistake, and the parties intended it to be otherwise. Arter v. Cairo Democrat, 72 Ill. 434; Bent v. Coleman, 89 Ill. 364; Avery v. Equitable Life Ins. Co., 22 N. E. Rep. 6.

Whenever a grantor places in his deed a condition to be observed by his grantee which would be beneficial to his adjoining unconveyed land, it is taken as a part of the consideration accepted in the sale and purchase, remaining as a continuing burden on the land, in whomsoever, with notice, the title may rest, whether it is technically a covenant running with the land or not. Carver v. Jackson, 4 Pet. 87; Dalafield v. Parish, 25 N. Y. 99; Van Rensselaer v. Hays, 19 N. Y. 68; Atlantic Dock Co. v. Leavitt, 50 Barb. (N. Y.) 135; Easter v. L. M. R. R., 14 Ohio St. 51.

The recitals in a deed after acceptance by the grantee estop him and his heirs and assigns from denying those recitals, and become conclusive evidence against the grantee

and his assigns in favor of the grantor and those claiming under him. Byrne v. Morehouse, 22 Ill. 603; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Pinckard v. Milmine, 76 Ill. 453; Kershaw v. Kershaw, 102 Ill. 311; Rigdon v. Conley, 141 Ill. 565; Burbank v. Pillsbury, 48 N. H. 425; Tulk v. Moxhay, 2 Phil. Ch. 777; Van Rensselaer v. Hays, 19 N. Y. 68; Van Rensselaer v. Smith, 27 Barb. (N. Y.) 146; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35; Torey v. Bank of Orleans, 9 Paige (N. Y.) 649; Easter v. L. M. R. R., 14 Ohio St. 51.

DEFENDANT'S BRIEF, H. W. MASTERS, ATTORNEY.

"A rule in determining whether the agreement or reservation is in gross or appurtenant, is, that it should be read in the light of the circumstances surrounding the parties when they made it." Kramer v. Knauff, 12 Ill. App. 115; White v. Crawford, 10 Mass. 185; L. N. R. R. Co. v. Koelle, 104 Ill. 455; Karmuller v. Krotz, 18 Ia. 352.

OPINION OF THE COURT, BOGGS, J.

Lewis W. Ross, one of the plaintiffs in error, entered into a contract with one George B. Sharp, obligating himself, upon the payment of certain sums of money, to convey to Sharp a small tract of land. In the contract is this stipulation:

"Said Sharp is to make a good lawful fence (around certain parts of the premises) prior to his being entitled to use and occupy the same, and as same is being fenced, Ross is to furnish to aid in building said fence, three strands of galvanized wire for the west, south and east sides, and said Sharp is to be at all other expense in the building, repairing and keeping up said fence."

Afterward, by a memorandum in writing, signed by Ross and Sharp and attached to the contract, Ross agreed that upon the payment of other sums of money he would convey to Sharp a tract of land adjoining that mentioned in the first or original contract. In this memorandum is found this stipulation: "Said Sharp is to make and keep up, at his own cost and expense, a good substantial fence, that will turn all stock, not less than five feet high."

Sharp assigned the contract and the memorandum thereto attached, to the defendant in error, Harben, to whom Ross and wife, plaintiffs in error, executed and delivered a deed conveying to him the premises described in the two instruments.

This deed contained the following clause: "The said party of the second part (defendant in error) and his grantees, at his and their own cost and expense, to keep up a good and substantial fence, that will turn all stock, not less than five feet high." When completed the deed was folded by Ross and handed to Harben, who accepted it without examination and filed it for record without knowing that the deed was so conditioned.

This was a bill in chancery brought by Harben against Ross and wife, the prayer of which is that the clause in question be expunged from the deed. Upon a hearing upon bill, answer, replication and proofs, the court rendered a decree granting the relief prayed for. This is a writ of error sued out by the defendants to the bill to obtain a reversal of the decree. The bill charges that the clause in question was fraudulently inserted in the deed for the purpose of deceiving and defrauding the complainant therein, but we find no proof in support of the charge.

The contracts between Ross and Sharp, as we construe them, required that Sharp should construct a fence of the height, character and strength specified, and so keep and maintain it while the contract remained an executory one, but there is nothing in the contract indicating that the parties contemplated that such agreement should be imposed as a burden upon the title to the land.

This undertaking was, we think, personal in character and not in the nature of a covenant running with and attaching to the title to the land. Hartening v. Wettee, 50 Wis. 285; Kennedy v. Owen, 131 Mass. 431, 134 Mass. 227.

The duty of Sharp or his assignee, after having completed a fence in accordance with the contract, was only to make necessary repairs upon that fence at his own cost or expense until he received a deed. The contract did not devolve upon

him or those holding under him the burden of perpetually maintaining a fence about the premises, but only the burden of keeping and maintaining a fence until he should pay the purchase money of the land and become entitled to a deed from Ross. The additional burden of perpetually maintaining the fence is imposed by the clause inserted in the deed, and moreover, perpetually imposed upon any one holding the title under him.

The holding and decree of the Circuit Court, that this objectionable clause should be expunged from the deed, was, we think, correct, and it is affirmed.