JOHN LEONARD & another *vs.* DANIEL T. LYON.

Worcester.    November 14, 1911. — November 28, 1911.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Fence. Fence Viewers. Notice. Evidence,* Presumptions and burden of proof.

In an action under R. L. c. 33, § 6, to recover double the value of a part of a partition fence which on an application made by the plaintiff under § 5 of the same chapter had been assigned by the fence viewers to the defendant to build and which the plaintiff had built after the defendant's refusal to do so, it is not necessary that the decree of the fence viewers made under § 6 declaring the value of such part of the fence as ascertained by them should contain a statement that the fence built by the plaintiff had been adjudged sufficient, that requirement being contained in § 4 and relating only to an application made under § 3 of the same chapter.

In an action under R. L. c. 33, § 6, to recover double the value of a part of a partition fence which had been assigned by the fence viewers to the defendant to build and which the plaintiff had built after the defendant's refusal to do so, a recital in the decree of the fence viewers determining the value of such part of the fence, that due notice had been given to the defendant of the hearing for assessing such value, is evidence that such notice was given.

CONTRACT under R. L. c. 33, § 6, to recover $39.08, being double the amount ascertained by the fence viewers as the value of a part of a partition fence which had been assigned by the

fence viewers to the defendant to build on an application made by the plaintiffs under § 5 of the same chapter and which the plaintiffs had built after the defendant's refusal to do so. Writ in the Central District Court of Worcester dated May 6, 1908.

On appeal to the Superior Court the case was submitted upon an agreed statement of facts to *Aiken*, C. J., who found for the plaintiffs in the sum of $53.83. From a judgment entered in accordance with this finding the defendant appealed.

The case was submitted on briefs.

*J. E. Sullivan & D. F. O'Connell*, for the defendant.

*P. T. Dolan*, for the plaintiffs.

DeCourcy, J. The first application to the fence viewers was made under R. L. c. 33, § 5, and not under § 3 as assumed by the defendant. It appears from the agreed facts that after due notice and a hearing these officials in writing assigned to each party his share of the partition fence, and directed that it should be erected within fifteen days. This assignment was duly entered in the office of the city clerk, and thereupon became binding upon the parties by the express terms of the statute.

It is agreed that after the defendant's refusal to comply with the decree the plaintiffs erected the part of the fence assigned to the defendant in addition to their own share. Under § 6 they became entitled to double the value of his part, and this value was determined by the decree of the fence viewers dated April 1, 1908. The defendant contends that this decree is fatally defective in failing to state that the fence was adjudged sufficient. Such an adjudication is necessary in cases arising under § 3, where the share of the fence which each party is bound to maintain is settled and one of them fails to keep his part in sufficient repair. But it is not required in cases under § 5, where the fence never has been divided between the adjoining owners and the proportion which each ought to maintain is in dispute. *Sears* v. *Charlemont*, 6 Allen, 437. It is also objected that notice of the time and place of the hearing for assessing the value of the fence does not appear to have been received by the defendant. But the statement in the decree that due notice was given would seem to be sufficient evidence of the fact. *Lamb* v. *Hicks*, 11 Met. 496.

The proceedings being regular and the decrees valid, judgment must be entered for the plaintiffs in accordance with the stipulation in the agreed statement of facts.

*So ordered.*