MARY A. O'MALLEY vs. AUGUST W. MEYER.

Suffolk.   March 15, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Fence and Fence Viewers.*

Upon a complaint of a landowner made to fence viewers under R. L. c. 33, where the erection of a division fence is desired, the fence viewers, if their award is to have any validity as the basis of a cause of action, must decide not only that a fence is necessary but also what part of the fence each landowner is to construct.   In the absence of a decision as to such apportionment, a landowner, who, after the fence viewers determined that a division fence was necessary, built the whole of it himself, cannot maintain an action of contract against the owner of the adjoining land to recover double the value of one half of the fence he has built, his rights being governed and limited by the statute.

CONTRACT in the Municipal Court of the City of Boston under R. L. c. 33, to recover double the value of one half of a division fence erected by the plaintiff between the adjoining premises of the plaintiff and the defendant on Clarkson Street in the part of Boston called Dorchester.   Writ dated October 17, 1913.

The case was heard by a judge of the Municipal Court who found for the plaintiff in the sum of $61, and at the request of the defendant reported the case to the Appellate Division.

The Appellate Division made an order that the finding be vacated and that judgment be entered for the defendant.   The plaintiff appealed.   The case as presented by the report is stated in the opinion.

The case was submitted on briefs.

*W. J. O'Malley, Jr., W. Flaherty & J. P. Cleary, Jr.,* for the plaintiff.

*H. Bergson,* for the defendant.

CARROLL, J.   This is an action under R. L. c. 33, to recover double the value of one half of a division fence erected by the plaintiff between her premises and the premises adjoining owned by the defendant.

In response to an oral application made by the plaintiff to one of the fence viewers of the city of Boston, "for a division fence

between the estate of the plaintiff and the estate of the defendant," the parties were notified to be present on the premises at a hearing to be had on June 13, 1913, at 10.30 A. M. "relative to a division fence between properties." At this hearing the defendant did not appear. Failing to find the boundary line, the fence viewers had the premises surveyed, and on June 19, 1913, sent by mail to the defendant a notice requiring him to build within fifteen days, "your half of a picket fence, . . . this fence to be built on division line as shown by nail in stake driven into ground at sidewalk line of street and by nail driven into back yard fence and marked with red pencil. . . . Should you dispute this division line, you are requested to submit to the fence viewers a survey of your premises showing the correct line as you believe it to be within five days." A notice substantially the same was sent by mail to the plaintiff. Thereupon the plaintiff built the entire fence, and on July 28, 1913, the fence viewers, after an examination of it, notified the defendant in writing that they adjudged it to be a "sufficient fence within the law and to have the value of fifty cents per lineal foot for the whole length of one hundred fifteen (115) feet; a total value of $57.50."

The fence viewers made no assignment showing what particular portion of the fence was to be erected by each of the adjoining owners and they passed no order specifying the definite part of the fence each of the parties was to keep in repair. Sections 3 and 4 of R. L. c. 33, apply to a condition of affairs where the repair or rebuilding of an existing fence is in dispute and where one of the occupants refuses to keep his part in repair, contending that no fence is necessary, and that, if one is necessary, the fence already existing is sufficient. Under these sections of the statute the share of each owner already has been assigned and the only purpose of the fence viewers' action is to determine whether the existing fence is a sufficient fence. Sections 5 and 6 govern a case where a partition fence already has been built but never has been divided, and the part which each of the occupants should keep in repair is in dispute. *Sears* v. *Charlemont,* 6 Allen, 437. *Leonard* v. *Lyon,* 210 Mass. 248. Where no partition fence has been erected between adjoining lands and one of the owners seeks to have one erected, his application to the fence viewers should be made under § 13; and if the division line between the parties is in dispute or

unknown, the fence viewers have the authority under this section, to designate a line on which the fence is to be built.

It is not perfectly clear from the report of the evidence, under which one of these sections of the statute the proceedings were begun. There is some evidence indicating that an old fence had been in existence before the proceedings were instituted. The memorandum of the judge states that there was a dispute concerning the boundary line between the parties, and the plaintiff contends in her brief that her right to recover is based on R. L. c. 33, § 13. Whether the action is brought under §§ 5 and 6, or under § 13, the right to recover depends upon the observance of the provisions of the statute. The plaintiff's rights originate in the statute and they are limited and governed thereby.

When an existing fence is out of repair and the share of each party therein has never been adjusted, the purpose of the decision of the fence viewers is to fix the share of each and to set out the specific part which each is to keep up and maintain. Where previously no fence has been erected and one is desired, the mere adjudication of the fence viewers that a fence is necessary is not enough; they must go further, if the award is to have any legal validity, and decide the part of the fence which each landowner is to construct, otherwise neither of the parties could know where he was to begin nor where he was to end in carrying out the orders of the fence viewers. So that aside from passing on the necessity of the fence, the most important duty of the fence viewers is to make the assignment of the respective shares.

The necessity of making a partition of the fence between the owners and assigning to each his share is shown by the various sections of the statute; and by § 14, where the true division line is found to vary from the line established by the fence viewers under § 13, each occupant must then remove and rebuild his part of the fence on the true line. In § 7, if before complaint is made to the fence viewers a fence has been built by one of the parties, the fence viewers are called in for the purpose of determining the share of each and the value of the same. And the right to recover double the value of a portion of a fence under § 6, is based on the assignment to each owner of a special part of the fence to build and care for the same.

The fence viewers having failed to comply with the statute, in

neglecting to assign to each owner the particular share of each in the fence, the plaintiff cannot recover.

*Judgment for the defendant affirmed.*