MARY E. DEANE vs. JENNIE H. GARNISS.

Middlesex.    February 5, 1936. — April 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Fence. Municipal Corporations*, Officers and agents.    *Words*, "Improved."

Under G. L. (Ter. Ed.) c. 49, § 10, fence viewers may order a partition fence between adjoining occupants without ordering full fencing of either or both parcels.

Under G. L. (Ter. Ed.) c. 49, § 10, adjoining lands owned in severalty are "occupied in common" until there has been a separation by a partition fence.

Fence viewers under G. L. (Ter. Ed.) c. 49, §§ 10, 5, having ascertained and certified the value of the part of a fence which one of the occupants of adjoining lands had refused to build after being directed to do so and which the occupant of the other land thereupon had built, did not invalidate their proceedings under the statute by including in their certificate an order to the delinquent occupant to pay to the other occupant double such value, although the statute did not require such order by them.

The mere fact that fence viewers, in ordering the building of a partition fence under G. L. (Ter. Ed.) c. 49, § 10, directed what kind of fence should be built, did not invalidate the proceedings by them nor constitute a valid defence to an action by one of the adjoining occupants against the other for double the value, determined by the fence viewers, of the part of the fence which had been assigned to the defendant to erect, which he had refused to erect, and which the plaintiff thereupon had erected, it appearing that the fence which had been ordered and which had been erected was "legal and sufficient" under the provisions of § 2 of the statute.

CONTRACT under G. L. (Ter. Ed.) c. 49, § 10.    Writ in the First District Court of Eastern Middlesex dated June 6, 1933.

Judgment for the plaintiff was ordered by *Brooks*, J.    A report to the Appellate Division for the Northern Division was ordered dismissed.    The defendant appealed.

The certification of the fence viewers dated May 3, 1932, was directed only to the defendant, certified that they found the fence "to be built according to law," that they

appraised the value of the half which had been assigned to the defendant to build to be $46, and ordered, directed and decreed "that you, the said Jennie H. Garniss, pay to the said Mary E. Dean, $92.00, twice the value of the one-half of said fence."

The case was submitted on briefs at the sitting of the court in February, 1936, and afterwards was submitted on briefs to all the Justices.

*G. M. Poland & E. D. Sharkey*, for the defendant.

*A. W. Eldredge*, for the plaintiff.

LUMMUS, J. The facts are agreed. The parties own and occupy adjoining improved parcels of land on Franklin Street in Melrose. The plaintiff applied to the fence viewers of Melrose to order a partition fence. The fence viewers, being duly appointed and sworn, notified and heard the parties, and on March 31, 1932, ordered, directed and decreed "that a division line fence is necessary between the two premises to prevent trespassing and damaging the property of the petitioner by the respondent," and that within twenty days the petitioner erect and maintain the southerly half of the fence and the respondent erect and maintain the northerly half of the fence. The plaintiff built her part of the fence within the time prescribed, but the defendant refused to do anything. The plaintiff then built that part of the fence which the defendant had been ordered to erect. The fence viewers, after notice to the parties, viewed it, adjudged it sufficient, ascertained and determined its value and their fees, and made a certificate under their hands accordingly on May 3, 1932. The plaintiff demanded of the defendant payment of $92, double the ascertained value, and after the defendant had neglected for a month or more to pay, brought on June 6, 1933, this action of contract to recover that amount with interest. The judge found for the plaintiff, and the Appellate Division affirmed his decision. The defendant appealed.

. The laws under which the occupant of land may require his neighbor to share in the expense of building and maintaining a partition fence originated in the need of preventing trespasses by cattle and other domestic animals. At com-

mon law, no landowner was required to fence against a
neighbor's land. Each owner was bound to keep his cattle
from passing from his own to his neighbor's land, and was
liable for their trespasses. *Rust* v. *Low,* 6 Mass. 90. *Thayer*
v. *Arnold,* 4 Met. 589. *Sheridan* v. *Bean,* 8 Met. 284. *Eames*
v. *Salem & Lowell Railroad,* 98 Mass. 560. *Lyons* v. *Merrick,*
105 Mass. 71. *Boston & Albany Railroad* v. *Briggs,* 132
Mass. 24, 26, 27. *Walker* v. *Nickerson,* 291 Mass. 522.
G. L. (Ter. Ed.) c. 49, § 29.

A duty to fence against the land of a neighbor may be
imposed in one of three ways: (1) by agreement, which may
take the form of a covenant running with the land (*Rust* v.
*Low,* 6 Mass. 90; *Bronson* v. *Coffin,* 108 Mass. 175; *S. C.* 118
Mass. 156; *Boston & Albany Railroad* v. *Briggs,* 132 Mass.
24; *Kennedy* v. *Owen,* 134 Mass. 227; *Knox* v. *Tucker,* 48
Maine, 373, 376; G. L. [Ter. Ed.] c. 49, § 11); (2) by pre-
scription (*Bronson* v. *Coffin,* 108 Mass. 175, 185; *Knox* v.
*Tucker,* 48 Maine, 373); or (3) by assignment by the fence
viewers of a city or town under G. L. (Ter. Ed.) c. 49. A
landowner who suffers, through his own failure to perform
his duty to fence, from the trespasses of cattle, lawfully on
the neighboring land, cannot recover. G. L. (Ter. Ed.)
c. 49, § 29. *Rust* v. *Low,* 6 Mass. 90. *Thayer* v. *Arnold,* 4
Met. 589, 590. *Hartford* v. *Brady,* 114 Mass. 466. *Mc-
Donnell* v. *Pittsfield & North Adams Railroad,* 115 Mass. 564.
*Byrnes* v. *Boston & Maine Railroad,* 181 Mass. 322. *Knox*
v. *Tucker,* 48 Maine, 373. Failure to perform such a duty
may result also in liability for damages. *Pool* v. *Alger,* 11
Gray, 489. *Fales* v. *Cole,* 153 Mass. 322. We are concerned
in this case only with assignment by fence viewers, and with
the remedy provided for failure to obey their orders.

The provisions for assignment by fence viewers deal with
occupants, not with owners as such. *Friedman* v. *Jaffe,* 206
Mass. 454. They do not apply unless both parcels are
"improved." *Eames* v. *Salem & Lowell Railroad,* 98 Mass.
560, 565. *James* v. *Tibbetts,* 60 Maine, 557. Various sec-
tions indicate this. G. L. (Ter. Ed.) c. 49, §§ 3, 12. Section
11 provides that if a person both "lays his land common"
and "determines not to improve" any part adjoining the

fence, and gives six months' notice, his obligation to maintain a fence shall cease. *Field* v. *Proprietors of Common & Undivided Land in Nantucket,* 1 Cush. 11, 15. The word "improved" is used in contrast to "wild." Pasture land is "improved" land within the statute, as is shown by § 13 and by the case last cited. *Chase* v. *Jefts,* 58 N. H. 280. But a majority of the court are of opinion that there is no requirement, as contended by the defendant, that both parcels, or either parcel, be fully enclosed with fences. G. L. (Ter. Ed.) c. 49, § 3, placing upon "the occupants of adjoining lands enclosed with fences" the duty of maintaining the fences in equal shares "so long as both of them improve" their lands, does not set limits to the power of fence viewers to order partition fences, but merely states one situation in which a general duty is imposed even before it is made specific by assignment. *Fay* v. *Elliott,* 154 Mass. 587, 588, where the same argument was made as in the present case. See also *Rust* v. *Low,* 6 Mass. 90, 100, 101.

Various sections give fence viewers jurisdiction. G. L. (Ter. Ed.) c. 49, § 4, provides for cases where the fence has already been divided and the duty to maintain part of it has already been assigned to each party, and one party refuses or neglects to perform his duty. Once established, the duties of the parties are not subject to modification upon new proceedings. *Baker* v. *Lakeman,* 12 Met. 195. *Alger* v. *Pool,* 11 Cush. 450. *Sears* v. *Charlemont,* 6 Allen, 437. *Ropes* v. *Flint,* 182 Mass. 473. Section 6 provides for the settlement of a "dispute" concerning the "part of a partition fence which under this chapter each party is required to build or maintain," and presupposes an existing fence though not an established and assigned duty. *O'Malley* v. *Meyer,* 221 Mass. 198, 199, and cases cited. *Megquier* v. *Bachelder,* 112 Maine, 340.

The jurisdiction of the fence viewers over the present case was based on G. L. (Ter. Ed.) c. 49, § 10. That section provides that "if land belonging to two persons in severalty has been occupied in common without a partition fence, and one of the occupants desires to occupy his part in severalty," and the other refuses or neglects on demand to divide the

line and build his share of the fence, the line may be divided and assigned by the fence viewers. Until St. 1863, c. 190, at least, this was the only section under which the building of a fence could be required where none had existed before. In view of the original statutory purpose of restraining animals from trespasses, parcels of land owned in severalty are "occupied in common" within § 10 if no partition fence exists that would prevent such trespasses. No other community of use is required. *Fay* v. *Elliott,* 154 Mass. 587, 588. See also *Thayer* v. *Arnold,* 4 Met. 589, 594.

The defendant does not raise the point that no formal preliminary demand, prior to the application to the fence viewers, was shown. For that reason, we need not consider whether, as was suggested in *O'Malley* v. *Meyer,* 221 Mass. 198, 199, 200, resort may be had in aid of jurisdiction to § 18 giving power to the fence viewers, when called upon to act under any section, to "determine whether a partition fence is required," or § 14 giving them power when the division line "is in dispute or unknown" to "designate a line" for the purpose of a fence. *Currier* v. *Esty,* 116 Mass. 577; *Kennedy* v. *Owen,* 131 Mass. 431. Compare *Fay* v. *Elliott,* 154 Mass. 587, 589. Both these sections originated in St. 1863, c. 190, § 1.

Fence viewers, as a tribunal of limited jurisdiction, must follow the law, or their doings will be void. *Sears* v. *Charlemont,* 6 Allen, 437, 438. Notice to the parties of the view and hearing is required by general principles of justice, apart from the words of §§ 4, 6. See *Scott* v. *Dickinson,* 14 Pick. 276; *Fairbanks* v. *Childs,* 44 N. H. 458, 461; *Emery* v. *Maguire,* 87 Maine, 116. Compare *Rowe* v. *Beale,* 15 Pick. 123. If a fence is required, the fence viewers in writing (*Woodberry* v. *Gott,* 2 Dane Abr. c. 66, art. 2; *Abbott* v. *Wood,* 22 Maine, 541) must so state and must assign to each the part of the line to be fenced by him, and assign the time within which the fence must be built. §§ 10, 18. *O'Malley* v. *Meyer,* 221 Mass. 198. *Alger* v. *Pool,* 11 Cush. 450. *James* v. *Tibbetts,* 60 Maine, 557. Each section giving jurisdiction to the fence viewers does not repeat in full the procedural provisions, and resort

must be had to different sections. Accordingly, in proceedings under § 10 it may be that the assignment must be recorded in the office of the town clerk, as § 6 provides and as was done in this case. *Ellis* v. *Ellis,* 39 Maine, 526. Half a partition fence may be built on each side of the line, under the recognized practice in this Commonwealth. *Newell* v. *Hill,* 2 Met. 180. *Holbrook* v. *McBride,* 4 Gray, 215. *Sparhawk* v. *Twichell,* 1 Allen, 450. *Kennedy* v. *Owen,* 131 Mass. 431. *Ropes* v. *Flint,* 182 Mass. 473. *Quinn* v. *Crimmings,* 171 Mass. 255. *Hubbell* v. *Peck,* 15 Conn. 133. *Warren* v. *Sabin,* 1 Lans. (N. Y.) 79.

If one party fails to "make his part of the fence within the time so assigned," the other may build both parts (*Cobb* v. *Corbitt,* 78 Maine, 242), and after notice to each party (§ 5; *Scott* v. *Dickinson,* 14 Pick. 276; *Lamb* v. *Hicks,* 11 Met. 496; *Leonard* v. *Lyon,* 210 Mass. 248, 249), the fence viewers may adjudge the fence sufficient, ascertain the value of the part which ought to have been built by the delinquent party, together with the fees, and make certificate thereof under their hands. §§ 10, 5. *Sears* v. *Charlemont,* 6 Allen, 437, 440. *Briggs* v. *Haynes,* 68 Maine, 535. *Emery* v. *Maguire,* 87 Maine, 116. As to the necessity of adjudication, compare *Leonard* v. *Lyon,* 210 Mass. 248, with §§ 5, 7. Then after demand (*Lamb* v. *Hicks,* 11 Met. 496, 502) upon the delinquent party, and nonpayment for one month after demand (*Sanford* v. *Haskell,* 50 Maine, 86), the other can recover in an action of contract "double the sum total of the expense" of building the part assigned to the delinquent party "and fees." §§ 10, 5.

An examination of the proceedings of the fence viewers contained in the report in this case shows that all steps required by the statute were taken. See *Day* v. *Dolan,* 174 Mass. 524. The order of the fence viewers to the defendant to pay double the value, which followed the ascertainment of value in the certificate, although irregular, merely stated the legal duty of the defendant, and did not invalidate the proceedings. *Gallup* v. *Mulvah,* 6 Fost. (N. H.) 132, 137. The only ground of defence, not disposed of by what has been said, is that the fence viewers required, in

assigning parts of the fence to the parties to build, that "Said fence shall be in the nature of a Cyclone Banner Wire Fence, with a top rail four feet high and steel posts set in to cement not over ten feet apart, and all material galvanized." G. L. (Ter. Ed.) c. 49, § 2, declares: "Fences four feet high, in good repair, constructed of rails, timber, boards, iron or stone, and brooks, rivers, ponds, creeks, ditches and hedges, or other things which the fence viewers consider equivalent thereto, shall be deemed legal and sufficient fences." The defendant contends that she had a right to build the kind of fence she desired, within the statutory definition, and that the fence viewers had no right to limit her choice. We need not decide that question, for she built no sort of fence. The order to fence was valid, even though the specification of the kind of fence was nugatory. *Longley* v. *Hilton,* 34 Maine, 332. *Commonwealth* v. *Alden,* 143 Mass. 113, 117. The fence built by the plaintiff in conformity to the specification was a "legal and sufficient" fence, and was adjudged to be such. She is entitled to recover double the expense thereof.

*Order dismissing report affirmed.*