### Frank C. Allen *vs.* Boston and Maine Railroad.

#### York.   Opinion March 16, 1895.

*Railroads.   Fences.   R. S., c. 51, § 36.*

The obligation imposed by R. S., c. 51, § 36, upon a railroad company to fence its road, where it passes through certain lands, is limited to the owners of such animals as are rightfully upon such lands.

When a horse has escaped from its owner's inclosure and control, and has then run at large through the streets, and into a public park, it is not rightfully in the park, even though its owner exercised great care to prevent the escape.

On report.

The case is stated in the opinion.

*J. O. Bradbury*, for plaintiff.
*G. C. Yeaton* for defendant.

Sitting : Walton, Emery, Haskell, Whitehouse, Wiswell, JJ.

Emery, J.   The Boston and Maine Railroad, in passing through the city of Saco, passes through a public park, called Pepperell Park.   The plaintiff had a horse harnessed to a wagon and standing in his door yard in Saco.   While he was putting some articles in the wagon, the horse suddenly started, and, escaping from control, ran out of the yard into the public street, then along the street and from the street into Pepperell Park, then through the park to the railroad track, and then several hundred feet along and upon the track until it came into fatal collision with a locomotive running in the opposite direction.

The plaintiff contends that the railroad company is responsible for this collision.   The only fault alleged, or sought to be proved, against the company is that it did not fence out its railroad from the park at the point where the horse passed from the park to the track.

At the common law no person was obliged to maintain a fence to keep other persons' animals from his premises, and was not in legal fault if such animals came upon his premises.   Every person was obliged to keep continual guard over his own

animals, by surrounding them with inclosures, or by having a keeper with them when in public places. A railroad company having purchased or condemned land upon which to construct and maintain its track, was, at common law, under no more obligation than any other person to fence such lands against animals. It was the duty of the owners of animals to keep them under control, and keep them off the railroad company's land. *Eames* v. *Salem and Lowell Railroad Co.* 98 Mass. 560; *B. & A. R. R. Co.* v. *Briggs*, 132 Mass. 24; *Perkins* v. *Railroad Co.* 29 Maine, 307.

The plaintiff, however, invokes the statute, R. S., c. 51, § 36. That statute does not require the railroad company to fence generally, but only in particular places, viz. : where the railroad passes through "inclosed or improved land, or wood-lots belonging to a farm." The plaintiff contends that the statute obligation to fence at those places extends to all owners of animals which may chance to be rightfully or wrongfully upon such adjoining land. The railroad company contends that the obligation is limited to the owners of animals rightfully there, or there through the company's own fault.

Under our statute, and similar statutes, we find no decided case in which the owner of animals wrongfully upon the adjoining land, without fault of the railroad company, was held entitled to recover damages for their escape therefrom upon the track. In *Gilman* v. *E. & N. A. R. Co.* 60 Maine, 235, the animal was upon the adjoining land through the fault of the railroad company. On the other hand there are authorities to the contrary. In *Perkins* v. *Railroad Co.* 29 Maine, 310, it was said by the court, that if required to fence the entire track, the railroad company would not be responsible for killing the plaintiff's cow, if she were wrongfully upon the adjoining close. In *Eames* v. *Railroad Co.* 98 Mass. 560, the plaintiff's sheep, being wrongfully upon land which the railroad was required by statute to fence, passed therefrom upon the railroad track through a defect in the fence, and were killed by a locomotive. *Held*, that the plaintiff could not recover. In *Chaplin* v. *Sullivan Railroad Co.* 39 N. H. 53, it was held that the statute obligation to fence against a highway is only against animals

rightfully upon the highway. In *Lord* v. *Wormwood*, 29 Maine, 282, it was held that the statute obligation upon adjoining proprietors to fence is only against animals rightfully upon the adjoining close.

In this case, if the horse had kept to the public street until it reached the railroad track, and had then turned direct from the street upon the track, (assuming there was no statute obligation upon the railroad company to fence out animals on the street) it would be conceded that the railroad company was not responsible for the accident. If the horse, instead of running from the street across the park, had run through waste, uninclosed land (not being " wood-lots attached to a farm "), to and upon the track, the event could not be attributed to any fault of the railroad company. It would be a reproach to the law, if the duties of the railroad company were left to be measured and defined by the vagaries of an escaped, frightened horse, for whose original escape or fright it was in no way responsible.

Assuming (what it is not admitted nor decided) that Pepperell Park is " improved land " within the meaning of the statute, the test of the railroad company's liability is whether the plaintiff's horse was rightfully in the park. The plaintiff fails to show that the horse was there rightfully. No statute or city ordinance is cited permitting horses to be in the park. He suffered his horse to escape out of his own inclosure, and to run at large without a keeper in the public streets and parks. He urges in extenuation that he exercised ordinary care in guarding the horse, and that it escaped in spite of such care. But the exercise of ordinary care was not the extent of his duty. The obligation of the owner of animals to keep them on his own land, or within his control (except where modified by statute), is imperative. The question of care or negligence does not arise in actions of trespass for injury done by escaped animals. If the plaintiff's horse, after its escape to the street, had invaded private grounds, such an invasion would have constituted a trespass, for which the plaintiff would have been answerable, however great his care. Its invasion of the park was not more lawful.                                    *Judgment for defendant.*