## MAUDLIN V. HANSCOMBE.

1. FENCES — ADJOINING OWNERS — OCCUPATION OF LANDS.— Under General Statutes 1883, chapter 39, section 1, providing that "where the lands of two persons join, and both parties shall occupy the land, it shall be the duty of each party to build one-half of the line fence," such occupation only is required as makes it advantageous for tho purpose thereof to fence the land, whether its owner actually resides thereon or not.

2. SAME — DIVISION FENCES — SHARING EXPENSE.— Under section 2, providing that "where one party shall have already erected a fence upon any land between himself and any other party," and the latter wishes to occupy the adjoining land, he must pay one-half the value of such fence, a fence erected ten feet inside the line cannot be regarded as built in compliance with the statute.

*Error to Superior Court of Denver.*

ACTION by L. Hanscombe against William Maudlin to recover one-half the cost of building a line fence. Judgment for plaintiff and defendant brings error.

Messrs. SAMPSON & MILLETT, for plaintiff in error.

Messrs. W. T. ROGERS and C. W. McCORD, for defendant in error.

From the agreed statement of facts contained in the bill of exceptions before us, it appears that defendant in error is the owner of the northeast quarter of the northeast quarter of section 17, in township 2, range 67 west; that plaintiff in error is the owner of the southeast quarter of said northeast quarter of said section 17; that his wife is the owner of the northwest quarter of said northeast quarter of said section 17; that in the fall of 1883 defendant in error constructed a fence on the line between his forty and the said forty of the plaintiff in error, and on the line between his said forty and the forty owned by the wife of the plaintiff in error. At the time defendant in error so constructed said fence, plaintiff in error had a good fence across the northern end of his forty,

about ten feet south of the north line thereof; and he also had a good fence across the east end of the said forty owned by his wife, about ten feet west of the east line thereof. It also appears from said statement of facts that the fence so maintained by plaintiff in error across the said forty owned by himself and wife was by plaintiff in error intentionally placed ten feet from the boundary line of said forty, and in and upon the said land. It further appears that the forty owned by defendant in error was used for the purpose of pasturage and hay land, and that the forty owned by plaintiff in error was used for the purpose of pasturage; that prior to the commencement of this action defendant in error presented to plaintiff in error a bill for one-half the cost of the fence so built by defendant in error, which bill plaintiff in error refused to pay, and thereupon defendant in error commenced an action to recover the same. Judgment was entered against plaintiff in error, to review which judgment the present writ of error was sued out.

The question of adoption or rejection of the fence law, as provided by section 1469 of the General Statutes, was never submitted to the people of Arapahoe county, in which county said lands are situate.

Per Curiam. This action was based upon the following provisions of chapter 39, General Statutes (since repealed), viz.:

"Section 1. Where the lands of two persons join, and both parties shall occupy the land, it shall be the duty of each party to build one-half of the line fence.

"Section 2. Where one party shall have already erected a fence upon any land between himself and any other party, and the other party wishes to occupy the land adjoining, it shall be his duty to either build one-half of said fence or pay the party owning said fence one-half of its cash value."

Counsel for plaintiff in error rely upon two proposi-

tions in support of their demand for a reversal: *First*, that the word "occupy," as used in these sections, means actual residence upon the land; *second*, that the building and maintenance by plaintiff in error of the fence upon his own land was a substantial compliance with the provisions of the statute relating to line fences. We think neither of these positions well taken. The occupation required by the statute need be such occupation only as will make it necessary or advantageous for the purpose thereof to fence the land, whether its owner reside thereon or not. The statute provides for line fences, and, in the absence of an agreement that it should be so treated, the fence of defendant below cannot be regarded as built in compliance with the provisions thereof.

Having disposed of the specific objections presented, we shall refrain from suggesting or arguing others, and affirm the judgment.

Judgment affirmed.

*Affirmed.*