ROBERT E. NEWCOMB *vs.* BOARD OF ALDERMEN OF HOLYOKE & ·another.

Hampden. — September 19, 1929. — June 6, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Certiorari. Gasoline. License,* Revocation. *Municipal Corporations,* Officers and agents.

A petition for a writ of certiorari, quashing a vote and an order of the board of aldermen of a city revoking a license previously granted to the petitioner authorizing the storage and sale of gasoline on his premises, contained allegations to the effect that, in reliance upon the license granted, the petitioner had expended money and erected a building and that the revocation was arbitrary and unreasonable, but there was no averment as to the ground of the revocation. The respondents made a return over their official signatures setting forth their proceedings. Such return contained no averment as to the expenditures and acts of the petitioner nor a statement of the ground of the revocation. The petitioner did not question the sufficiency, fulness or completeness of the return and took no steps to have it further extended. A single justice refused to rule, as requested by the petitioner, that the cause for revocation of the license was insufficient in law, and that the hearing on the revocation was illegal because the respondents "were biased and partial," and ordered the petition dismissed. The petitioner alleged exceptions. *Held,* that

(1) Averments of the petition as to which there were no statements in the return were to be disregarded;

(2) The question before this court was, whether upon the face of the return there were apparent errors of law of a substantial nature appealing to sound judicial discretion as requiring relief in order to prevent injustice;

(3) The cause of the revocation by the respondents not being shown in their return, and the petitioner having made no attempt to have the return extended, the request that the cause for revocation of the license was insufficient in law properly was refused;

(4) The statute did not require that the cause be recited on any public record;

(5) The request for a ruling, that the hearing on the revocation was illegal because the respondents "were biased and partial," properly was refused, there being nothing in the record to support such a conclusion;

(6) Every presumption was to be made in favor of the regularity of the proceedings, and they were not to be vacated unless it could be made to appear with certainty that they were irregular or erroneous;

(7) The license granted to the petitioner being by the terms of the statute authorizing it subject to revocation for cause, there was no error of law in ordering the petition dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on September 21, 1928, for a writ of certiorari.

Beside averments of proceedings, as to which the respondents made return as stated in the opinion, the petitioner averred that "in pursuance to said license [granted on May 15, 1928,] and in reliance upon the same he has expended large sums of money and incurred liability in the acquisition of property and in the making of plans in preparing for the erection of tanks for the storage and sale of gasoline upon the said premises located at the southeast corner of Maple and Cabot Streets and that your petitioner in pursuance of said license and in reliance upon same has erected a building upon said premises to be used in connection with the storage and sale of gasoline upon said premises and that your petitioner has stored and sold gasoline upon said premises in pursuance of said license and in reliance upon same." There was no statement in the return respecting such averment.

The stated grounds for the petition were because "the cause alleged and upon which a hearing was granted is insufficient in law to revoke said license"; because "your petitioner has acted in good faith in reliance upon said license and has conformed to all the laws and regulations applicable thereto"; because "said revocation is arbitrary, unreasonable and in violation of your petitioner's rights"; and because "your petitioner has expended money, incurred liability and sustained losses in reliance upon said license."

The petition was heard by *Sanderson*, J., who refused to make the rulings, requested by the petitioner and described

in the opinion, and ordered the petition dismissed. The petitioner alleged exceptions.

The case was submitted on briefs at the sitting of the court in September, 1929, and afterwards was submitted on briefs to all the Justices except *Sanderson*, J.

*D. H. Keedy & J. F. Hartnett*, for the petitioner.

*B. F. Evarts*, for the respondents.

RUGG, C.J. This is a petition for a writ of certiorari. The respondents made a return setting forth over their official signatures the proceedings had by them touching the matters alleged in the petition. The pleadings were not framed to raise issues of fact. The petitioner has not questioned the sufficiency, fulness or completeness of the return. He has taken no steps to have it further extended. In these circumstances averments of the petition not supported by the return of the respondents are to be disregarded. The return is to be accepted as true concerning all matters within the jurisdiction of the respondents. *Ward* v. *Aldermen of Newton*, 181 Mass. 432. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544–546. *Byfield* v. *Newton*, 247 Mass. 46, 53. In this state of the record, the scope of the present inquiry is whether upon the face of the return there are apparent errors of law of a substantial nature appealing to sound judicial discretion as requiring relief in order to prevent injustice. *Mayor of Medford* v. *Judge of the District Court*, 249 Mass. 465, 468. *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 453. *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 480. *Whitney* v. *Judge of the District Court*, ante, 448.

The complaint of the petitioner is that a license authorizing the storage and sale of gasoline on his land was revoked unlawfully by the respondents. The return of the respondents shows that the petitioner on May 15, 1928, after a contested hearing, was granted a license to keep, store, use and sell gasoline and to conduct and maintain a garage on specified premises. On May 25, 1928, a resolution was adopted that the members of the board of aldermen were of opinion that the State fire marshal should in the exercise of such discretionary power as was vested in

him refuse the granting of a permit to the petitioner for the erection of the gasoline station and the conduct of a garage on the specified premises. On July 2, 1928, a petition was filed with the respondents by the Congregation Sons of Zion, praying for the revocation of the license granted to the petitioner. On this petition it was voted to grant a hearing on September 4, 1928, and that copy of the order be sent to the petitioner and to the Congregation Sons of Zion. Hearing was held accordingly, at which a number of persons expressed their views on the merits of the matter including the attorney for the petitioner and several in behalf of the congregation. At the conclusion of the hearing an order was adopted wherein it was declared after some preliminary recitals that the license granted to the petitioner on May 15 be "revoked for cause shown."

The case was heard upon this state of the pleadings. The single justice denied the petitioner's requests for rulings, ruled that the petitioner was not entitled to the writ, and ordered the petition dismissed. The correctness of these rulings is presented by the exceptions of the petitioner.

The first request that the cause for revocation of the license is insufficient in law was denied rightly. That cause is not disclosed by the return. The petitioner made no attempt to have the record of the respondents extended so as to state that cause at length. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545–546. The statute does not require that the cause be recited on any public record. It is simply provided by G. L. c. 148, § 14 (not affected in this particular by subsequent amendments) that a license such as here was granted "may be revoked for cause, after notice and a hearing given to such owner or occupant." No contention is made that such notice and hearing were not given. Every presumption exists in favor of the honesty and sufficiency of the motives actuating public officers in their actions ostensibly taken for the general welfare. *Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, 50. That presumption must prevail in the absence of a definite showing to the contrary. In these circumstances, it is not necessary to discuss the nature and sufficiency of a cause which might

be the foundation of such revocation. See *Lacy* v. *Winchendon*, 240 Mass. 118; *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411; *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334.

The petitioner's second request, in substance that the hearing on the revocation was illegal because the respondents "were biased and partial," ought not to have been granted. There is nothing in the record to support such a conclusion. As was said in *Parks* v. *Mayor & Aldermen of Boston*, 8 Pick. 217, 228, 229, "Every presumption is to be made in favor of the regularity of the proceedings, and they are not to be vacated, unless it can be made to appear with certainty that they are irregular or erroneous." At most there appears only to have been some vacillation. Good faith is always assumed. It is not necessary to consider other aspects of this request.

There was no error of law in ordering the petition dismissed. The license granted to the petitioner was by the terms of the statute authorizing it subject to revocation for cause. He was bound to take it subject to all the inherent infirmities attaching to it under the statute by which it was created. His rights under it can be no higher or more firm than those declared by the Legislature. *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 99–102 and cases there cited and reviewed. It may be assumed that such a license cannot be revoked capriciously or arbitrarily. *General Baking Co.* v. *Street Commissioners*, 242 Mass. 194. *Douglas* v. *Noble*, 261 U. S. 165. But there is nothing to show that this revocation was founded on whim or abuse of power or on any other reason than an honest purpose and deliberate judgment to promote the interests of the public. There is nothing requiring a contrary conclusion in decisions like *Commonwealth* v. *Maletsky*, 203 Mass. 241 or *Kilgour* v. *Gratto*, 224 Mass. 78. The return of the respondents fails to show any error of law requiring the granting of the writ in order to prevent injustice.

*Exceptions overruled.*