SELECTMEN OF SAUGUS *vs.* NICHOLAS W. MATHEY & another.

Suffolk. November 16, 1939. — February 2, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Election. Certiorari. License.*

Bringing of a petition for a writ of certiorari to declare invalid a vote of selectmen revoking a license for the manufacture and keeping of explosive or inflammable materials, where such petition was dismissed on the ground that the selectmen's cause for revocation as shown by their return was sufficient, was not an election precluding the petitioner from prosecuting thereafter an appeal from the revocation to the State fire marshal under G. L. (Ter. Ed.) c. 148, § 31.

BILL IN EQUITY, filed in the Superior Court on April 10, 1939.

Demurrers were heard and sustained by *Burns,* J., and a final decree dismissing the bill was entered by order of *Gray,* J. The plaintiffs appealed.

The case was submitted on briefs.

*C. E. Flynn*, Town Counsel, & *J. S. McKenney*, for the plaintiffs.

*J. M. Fogarty*, for the defendant Mathey; *P. A. Dever*, Attorney General, & *L. A. Novins*, Assistant Attorney General, for the defendant State Fire Marshal.

LUMMUS, J.  The plaintiffs are the selectmen of Saugus, and as such constitute the "local licensing authority" under G. L. (Ter. Ed.) c. 148, § 1, as amended by St. 1932, c. 102, empowered to grant a license to use premises for the manufacture or keeping of explosive or inflammable materials, and to revoke such license for cause after notice and a hearing.  G. L. (Ter. Ed.) c. 148, § 13, as amended by St. 1936, c. 394, St. 1938, c. 99, and St. 1939, c. 333.

The defendant Mathey is a manufacturer keeping explosive or inflammable materials in Saugus.  His license was revoked by the plaintiffs on February 7, 1939, by a vote declaring the revocation to be "for cause shown." But the cause was not stated.  *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565.  Mathey duly claimed an appeal to the fire marshal under G. L. (Ter. Ed.) c. 148, § 31, but such an appeal lay "only in so far as the appeal presents a direct question of fire or explosion hazard."  He also brought a petition for a writ of certiorari, and in their return the plaintiffs, as they say in their brief, declared the cause of the revocation to be the danger of explosion.*  That furnished the statutory basis for the appeal to the fire marshal, but ended the possibility of quashing the revocation on certiorari.

The plaintiffs now bring this bill in equity to restrain Mathey from prosecuting his appeal, contending that his unsuccessful resort to certiorari was an election of one of

---

* The statement in the plaintiffs' brief before this court in the proceeding was as follows: "After the return of the board had been certified, without objection, the petition for certiorari was argued before a single justice of the Supreme Judicial Court.  The sole issue presented to the court at that time was whether the cause assigned by the board was sufficient, as a matter of law, to sustain the order of revocation.  The cause assigned was: 'The danger of explosion if the petitioner's license is continued in effect and the probability of serious harm therefrom, in view of the residential character of the neighborhood, to persons in that vicinity, especially children, and as well the probability of serious damage to neighboring property.'  The court held that it was sufficient, for on April 3, 1939, an order was entered that the petition be dismissed, 'but not as a matter of discretion.'" — REPORTER.

two mutually exclusive remedies, and that the dismissal of his petition for certiorari adjudicated the validity of the revocation. It did determine its validity in point of law on the face of the return, but not its propriety upon the actual facts that might appear upon an appeal. See *Boston* v. *White Fuel Corp.* 294 Mass. 258, 261, 262. We think there was no election. The demurrers to the bill were properly sustained.

> *Interlocutory decree sustaining demurrers affirmed.*
>
> *Final decree affirmed with costs.*