WORCESTER GAS LIGHT COMPANY *vs.* WATER COMMISSIONERS OF THE WOODLAND WATER DISTRICT OF AUBURN.

Worcester.   April 7, 1943. — May 25, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Woodland Water District of Auburn.   Certiorari.*

It could not be said as matter of law that the water commissioners of the Woodland Water District of Auburn could not properly come to the conclusion on any facts that under St. 1935, c. 385, § 7, an underground system of mains and services for the distribution of gas located in the

district was benefited by the water supply system and was subject to the water tax.

In a certiorari case heard on the petition and a return containing merely a copy of a vote by the respondents to deny the petitioner certain relief sought by him, where it could not be said as matter of law that the respondents could not properly have come to a conclusion supporting their action on any facts, the petitioner had failed to show error of law apparent on the face of the return and the petition must be dismissed.

PETITION for a writ of certiorari, filed in the Superior Court on June 19, 1942.

The respondents' proceedings were ordered quashed by *Giles,* J., and they appealed. In this court the case was submitted on briefs.

*R. W. Anderson & H. C. Anderson,* for the respondents.

*G. R. Stobbs & L. E. Stockwell,* for the petitioner.

RONAN, J. This petition for a writ of certiorari alleges that the petitioner, a corporation engaged in manufacturing and selling gas for fuel and lighting purposes, maintains an underground distributing system, consisting of mains and services, located in that part of the town of Auburn that comprises the Woodland Water District, established by St. 1935, c. 385; that the respondents, constituting the water commissioners of said district, assessed in 1941 a tax of $44; that the respondents granted a hearing to the petitioner on its request for exemption on the ground that its property in said district was not benefited by the district's water supply system, and refused to rule that the said property was exempt from the tax; and that thereafter the said tax was paid. The respondents filed an answer, which was no more than a return, as it consisted entirely of a certified copy of a vote taken by them in the following form: "VOTED after hearing representatives of the Worcester Gas Light Company to deny any abatement of the 1941 water tax levied against the said Worcester Gas Light Company." The company filed an application for an abatement with the assessors and later filed this petition for certiorari. The Superior Court ordered the respondents' proceedings quashed.

The sole contention of the petitioner is that its distribut-

ing system of mains and service pipes could receive no benefit from the water supply system, and that it is entitled to an exemption from taxation by virtue of § 7 of said c. 385, which, in so far as material, provides that "no estate shall be subject to any tax assessed on account of the system of water supply under this act if, in the judgment of the board of water commissioners . . . after a hearing, such estate is so situated that it can receive no aid in the extinguishment of fire from the said system of water supply, and/or receive no benefit in fire insurance grading therefrom, or if such estate is so situated that the buildings thereon, or the buildings that might be constructed thereon, in any ordinary or reasonable manner could not be supplied with water from the said system; but all other estates in said district shall be deemed to be benefited and shall be subject to the tax."

The short answer to this contention is that if we assume that the petitioner's property comes within the term "estate" as used in § 7 — see *Worcester* v. *Quinn*, 304 Mass. 276 — yet it does not appear from this record that its service pipes or meters might not be damaged by a fire upon the premises of one of its customers, or that a fire upon such premises, if not promptly extinguished, might not cause a break in the service pipe resulting in an explosion with consequent damage to the petitioner's property. We do not know what findings of fact, if any, were made by the board. It cannot be said that, as matter of law, the board could not properly come to the conclusion that the petitioner's distributing system was benefited by the water supply system. The petitioner apparently went to a hearing in the Superior Court upon the petition and return. It did not request that the return be amplified or amended to include whatever findings were made by the board in voting to deny relief to the petitioner. *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 126. The function of a writ of certiorari is to correct errors of law shown to have been committed by a judicial or quasi judicial body, where the errors are of such a nature that, if allowed to stand, they will result in a substantial injury to the peti-

tioner to whom no other remedy is available. *Walsh* v. *District Court of Springfield,* 297 Mass. 472, 474. *Miami Grove Inc.* v. *Licensing Board for Boston,* 312 Mass. 318. *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597.

The burden was on the petitioner to show that the return filed by the commissioners contains an error of law apparent on its face. That burden has not been sustained. "A record is not to be quashed because it does not show that no mistake can have been committed; it is quashed only for error apparent on its face." *Tileston* v. *Street Commissioners of Boston,* 182 Mass. 325, 327. *Newcomb* v. *Aldermen of Holyoke,* 271 Mass. 565. *Selectmen of Saugus* v. *Mathey,* 305 Mass. 184. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121. *Miami Grove Inc.* v. *Licensing Board for Boston,* 312 Mass. 318.

*Petition dismissed.*