DAVID TRACHT & another *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Worcester. September 25, 1945. — November 6, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Public Health. County Commissioners. Health, Board of. Nuisance. Poultry. Certiorari. Evidence, Presumptions and burden of proof.*

In certiorari seeking to quash proceedings of county commissioners wherein, as shown by their return, they, acting under G. L. (Ter. Ed.) c. 111, § 141, as appearing in St. 1937, c. 278, had ordered the petitioner to abate within a specified time a nuisance which the commissioners found to exist, consisting of the keeping of chickens on the petitioner's premises "with the bad odors, flies, vermin caused thereby, and the early morning crowing," and which the local board of health had failed to order abated, the commissioners' return did not support a contention of the petitioner that they had acted without jurisdiction in that the matter before the board of health had pertained to the assignment of a place for the exercise of an offensive trade or employment within § 143, as appearing in St. 1933, c. 269, § 2, et seq., as to which the statutes gave the commissioners no jurisdiction, rather than to the abatement of a nuisance under § 122 et seq., or in that the notice required by said § 141 had not been given.

In a certiorari proceeding heard upon the petition and the return of the respondents without any evidence attacking the respondents' jurisdiction or a return of the evidence considered by them, their action is not to be quashed unless it appears upon the face of the return that they committed a material error of law; their findings of facts cannot be reviewed.

PETITION for a writ of certiorari, filed in the Superior Court on May 24, 1945.

The respondents' return contained the following, among other statements:

"After a view of the [petitioners'] premises by the respondents, a hearing was held . . . [by them] which hearing was attended by the petitioners in this case and many other residents of North Brookfield. Evidence was heard of fourteen witnesses, including the petitioner, Roche. Seven other people attending the hearing indicated their objection to the operation of the chicken farm, who did not otherwise give testimony. Upon the evidence heard and the personal observations of the commissioners in the view taken of the premises it was decided that all proper notices had been given; all interested parties had appeared at the hearing and, in so far as they desired, had been heard; that a nuisance existed on said premises; that the board of health of North Brookfield had neglected to pass all proper orders abating the nuisance. . . . The following decree and order was made: . . . Upon the petition of H. D. Paine of North Brookfield, filed with . . . [the commissioners] for the abatement of a nuisance claimed to be existing on the premises of David Tracht and George W. Roche doing business as Tracht & Roche at the corner of Summer and Union Streets, North Brookfield, in said County. After due notice, a hearing at which Tracht & Roche appeared and were heard, and a view of the premises described in said petition, it appearing that the keeping of chickens in the building on said premises with the bad odors, flies, vermin caused thereby, and the early morning crowing constitutes a nuisance and the board of health of the town of North Brookfield having neglected to pass all proper orders abating such nuisance, that said petition was properly filed,

that all notices required under the statute have been given, it is adjudged and decreed that a nuisance as described in said petition does exist upon the premises therein described. The said Tracht & Roche are hereby ordered to abate said nuisance existing upon their premises described in said petition within fifteen days from the service of this order upon them."

The case was heard by *Buttrick*, J.

*L. J. Gordon*, for the petitioners.

*A. T. Saunders*, (*P. L. Hinckley* with him,) for the respondents.

RONAN, J.   This is an appeal by the petitioners under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from a judgment of the Superior Court dismissing their petition for a writ of certiorari seeking to quash proceedings of the respondents, the county commissioners of the county of Worcester, which purported to have been taken under G. L. (Ter. Ed.) c. 111, § 141, as appearing in St. 1937, c. 278, and which resulted in a decree stating that the keeping of chickens by the petitioners in a building upon their premises in North Brookfield constituted a nuisance, that the board of health of that town had neglected to pass all proper orders for the abatement of the nuisance, and that all notices required under the statute had been given, and ordering the petitioners to abate said nuisance within fifteen days.

One Paine, who claimed to be aggrieved by the action of the board of health which found that a nuisance existed upon the premises of the petitioners but failed to pass proper orders requiring them to abate the nuisance, applied to the respondents to eliminate this nuisance.  This application was intended to be filed in accordance with G. L. (Ter. Ed.) c. 111, § 141, as appearing in St. 1937, c. 278. This section as amended permits one aggrieved by the neglect or refusal of a board of health to pass all proper orders abating a nuisance in accordance with any provision of G. L. (Ter. Ed.) c. 111, §§ 122–139, inclusive, to apply to the county commissioners, who shall hear and decide such application and shall in that respect possess all the

powers of the board of health. The applicant shall, within a certain time after such neglect or refusal of the board of health to pass appropriate orders, file with said board a written notice to the adverse party of his intention so to apply to the county commissioners, and within seven days thereafter present a petition to one of the said commissioners stating his grievance and the action of the board of health thereon or the neglect or the refusal of the said board to act. It is to be noted that this procedure applies only where the matter alleged to require action by the board of health comes within some provision of §§ 122–139, inclusive, of c. 111. Section 122 of said chapter, in so far as material, provides that "The board of health shall examine into all nuisances, sources of filth and causes of sickness within its town . . . which may, in its opinion, be injurious to the public health, [and] shall destroy, remove or prevent the same as the case may require." The board under § 123 shall order the owner or occupant at his own expense to abate such nuisance within a time, to be fixed by the board. Upon his failure to comply with the order, the owner or occupant by virtue of § 123 becomes liable to forfeit not more than $20 a day for every day during which he knowingly violates the order. By § 125 the board may abate the nuisance at the expense of the person responsible for the existence of the nuisance. The petitioners contend that the board of health was acting under G. L. (Ter. Ed.) c. 111, § 143, as appearing in St. 1933, c. 269, § 2. This section so appearing authorizes a board of health to "assign certain places for the exercise of any trade or employment which is a nuisance . . . and . . . prohibit the exercise thereof within the limits of the town or in places not so assigned, in any event." By § 144, if a place so assigned "becomes a nuisance . . . or otherwise hurtful or dangerous to the neighborhood or to travelers, the superior court may, on complaint of any person revoke such assignment, prohibit such further use . . . and cause the nuisance to be removed or prevented." By § 145, "Whoever is injured in the comfort or enjoyment of his estate by such nuisance may recover in tort the damages sustained thereby." By § 147,

"Whoever is aggrieved by an order made under section one hundred and forty-three . . . may, within three days after service of the order upon him, give written notice of appeal to the board, and file a petition for a jury in the superior court . . . and, after notice to the board, may have a trial in the same manner as other civil cases are tried by jury."

The difference between proceedings under § 122 et seq. and those under § 143 et seq. has been frequently pointed out and need not be restated. *Commonwealth* v. *Young,* 135 Mass. 526. *Commonwealth* v. *Rawson,* 183 Mass. 491. *Belmont* v. *New England Brick Co.* 190 Mass. 442. *Kineen* v. *Lexington Board of Health,* 214 Mass. 587.

The petitioners contend that the respondents had no jurisdiction to hear the application of Paine because the board of health was acting by virtue of said § 143 in determining whether a nuisance existed upon the premises of the petitioners and therefore the county commissioners had no authority to supersede the decision of the board of health or to substitute a new order for that made by the board, and further that, even if the board of health was acting under § 122, Paine having failed to file with the board of health a written notice to the petitioners of his intention to apply to the county commissioners before he presented his application to them, the latter lacked power to decide his application. There is no question but that, if the inquiry before the board of health was the assignment of places for the exercise of an offensive trade or employment under said § 143, the respondents had no jurisdiction to deal with that question. As to the second contention, we assume in favor of the petitioners that the filing with the board of health of a written notice to the petitioners under said § 141 was not merely a procedural step that could be waived by the appearance of the petitioners at the hearing held by the respondents, *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486; *Pitman* v. *Medford,* 312 Mass. 618, but was an essential and necessary step without which no proceedings could be had before the county commissioners. *Duffey* v. *School Committee of Hopkinton,* 236 Mass. 5. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590. *Cen-*

*tral National Bank* v. *Lynn,* 259 Mass. 1. *McKenna* v. *White,* 287 Mass. 495. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489. *Higgins* v. *License Commissioners of Quincy,* 308 Mass. 142.

The case was heard in the Superior Court, in accordance with the usual practice, upon the petition and the return of· the respondents, and, in the absence of any evidence attacking the jurisdiction of the respondents or any showing that the conclusion reached by them was not warranted by the evidence heard by them, the allegations of fact contained in the petition and inconsistent with the findings appearing in the return must be disregarded. The function of a writ of certiorari is not to reverse or revise findings of fact but· to correct errors of law committed by a judicial or quasi judicial tribunal where such errors appear upon the face of the return and are so substantial and material that, if allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy. *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448, 458–459. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 126. *Miami Grove Inc.* v. *Licensing Board for Boston,* 312 Mass. 318, 324.

There is no finding in the return that the board of health was dealing with the assignment of places for the exercise of any offensive trade or employment. The board of health had broad and plenary powers to deal with the elimination of a nuisance under G. ·L. (Ter. Ed.) c. 111, §§ 122–125. There is nothing in the findings made by the respondents tending to show that the board of health was not acting by virtue of these sections. Indeed, the findings as far as they go indicate that the board of health was exercising its general authority conferred upon it by said sections to abate a nuisance. Likewise, the second contention of the petitioners, that Paine did not file any written notice to the petitioners with the board of health before applying to the respondents, is not supported by any findings in the return. The burden was upon the petitioners to show upon the face of the return that the respondents had committed an error of law, and that burden is not. sustained by showing

that the record "does not show that no mistake can have been committed; it is quashed only for error apparent on its face." *Tileston* v. *Street Commissioners of Boston,* 182 Mass. 325, 327. *Worcester Gas Light Co.* v. *Water Commissioners of the Woodland Water District of Auburn,* 314 Mass. 60, 63.

If the petitioners deemed that the return of the respondents was insufficient in that it omitted facts other than those appearing in it, they could have moved to have the return extended or amplified. *Newcomb* v. *Aldermen of Holyoke,* 271 Mass. 565, 568. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 126. They could have introduced evidence in support of their contentions, which, if proved, would have shown that the respondents lacked jurisdiction. *Marcus* v. *Street Commissioners of Boston,* 252 Mass. 331, 333. *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 490. And finally, if the evidence adduced before the respondents showed that the nuisance arose out of the exercise of an offensive trade or occupation and would not warrant a finding that the petitioners were maintaining a nuisance contrary to G. L. (Ter. Ed.) c. 111, §§ 122–125, they could have had the evidence brought here and have had that question of law decided. G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1. *Murphy* v. *Third District Court of Eastern Middlesex,* 316 Mass. 663, 667. None of these steps, however, was taken by the petitioners.

*Judgment affirmed.*