LISIARIO A. COLANTUONI *vs.* SELECTMEN OF BELMONT.

Middlesex.    January 3, 1951. — February 6, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Certiorari.    License.    Pleading, Civil,* Demurrer.

A demurrer to a petition for a writ of certiorari is a proper method of raising the question whether the petition sufficiently states a case for the issuance of the writ.

A writ of certiorari to quash action of selectmen in granting a license to construct a lubritorium and to store gasoline on land adjacent to premises on which the petitioner for the writ conducted a gasoline station should not issue where his petition failed to allege any injury to him from the selectmen's action; the fact that he might suffer from competition by the licensee gave him no standing.

An owner of premises adjacent to land on which the construction of a lubritorium and storage of gasoline had been licensed by selectmen would have no standing to attack by certiorari the granting of the license on the ground of a fire or explosion hazard if he had not exhausted his administrative remedy by appeal to the State fire marshal under G. L. (Ter. Ed.) c. 148, § 13, as amended.

PETITION for a writ of certiorari, filed in the Superior Court on July 25, 1950.

A demurrer to the petition was sustained and the petition dismissed by *Morton,* J.

In this court the case was submitted on briefs.

*M. Carchia,* for the petitioner.

*E. C. Parks,* Town Counsel, *B. Y. Piper,* & *J. F. Elliott,* for the respondents.

LUMMUS, J.    This is a petition by the owner and operator of a gasoline station at 82 Concord Avenue in Belmont, for a writ of certiorari to quash the action of the respondent selectmen in granting to one Gibson a license to construct a lubritorium and underground gasoline storage tanks at 26 Concord Avenue in Belmont.    The chairman of the selectmen, one Flett, disqualified himself because he had repre-

sented Gibson in other matters. Only the other two select-men sat, and they took the matter under advisement. Later, at a meeting of the selectmen at which all three were present, the matter came up for consideration, and Flett advocated the granting to Gibson of the license for which he asked. The two selectmen, other than Flett, voted to grant the license. On a motion to reconsider that vote, one selectman voted in favor of, and the other against, the motion.

A demurrer to the petition was sustained, and the petition was dismissed. The petitioner appealed.

The petitioner had the burden of stating a case for the issuance of a writ of certiorari, and if he fails to do so a demurrer is a proper remedy. *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597. *Marshall* v. *Registrar of Motor Vehicles,* 324 Mass. 468, 469.

We need not consider the propriety of the action of the selectmen, for the petitioner fails to allege any injury to him from their action. This point is taken as the second ground stated in the demurrer. In *Sears* v. *Mayor & Aldermen of Worcester,* 180 Mass. 288, 289, it was said, quoting from *Stone* v. *Boston,* 2 Met. 220, 228, "A petition for certiorari is addressed to the sound discretion of the court. It is not to be granted for the mere purpose of enabling a party to avoid the proceedings of an inferior tribunal, for technical errors. It must appear that manifest injustice has been done to the petitioner." To the same effect are a number of later cases in this court. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 546. *Byfield* v. *Newton,* 247 Mass. 46, 58–59. *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448, 459, 462–463. *Walsh* v. *District Court of Springfield,* 297 Mass. 472, 474. *Miami Grove Inc.* v. *Licensing Board for Boston,* 312 Mass. 318, 324. *Worcester Gas Light Co.* v. *Water Commissioners of the Woodland Water District of Auburn,* 314 Mass. 60, 62–63. *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 286. *North Shore Corp.* v. *Selectmen of Topsfield,* 322 Mass. 413, 418.

The fact that the petitioner may suffer from the competition of Gibson in the gasoline business gives him no standing.

*Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,*
324 Mass. 427, 429.

The land of the petitioner is adjacent to the land of Gibson
on which his proposed gasoline station is to be located. As
adjoining owner, the petitioner had a right to appeal to the
State fire marshal on the ground that Gibson's exercise of
his license would constitute a fire or explosion hazard. G. L.
(Ter. Ed.) c. 148, § 13, as amended. Resort to certiorari
did not deprive him of that right. *Selectmen of Saugus* v.
*Mathey,* 305 Mass. 184. *N. V. Handel Industrie Transport
Maatschappij* v. *State Fire Marshal,* 305 Mass. 482. He
must exhaust his administrative remedy by such appeal, if
he is to rely upon danger of fire or explosion. *Marshall* v.
*Registrar of Motor Vehicles,* 324 Mass. 468, 471. *Ullian* v.
*Registrar of Motor Vehicles,* 325 Mass. 197, 200. There is
no allegation that the operation of a gasoline station by
Gibson will constitute a nuisance (*Czapski* v. *Sun Oil Co.*
303 Mass. 186), and the petitioner, who is in the same busi-
ness, can hardly complain that such a business is conducted
on adjoining property. See *Rudnick* v. *Murphy,* 213 Mass.
470.

> *Order sustaining demurrer affirmed.*
> *Order dismissing petition affirmed.*