ETTA BUTMAN vs. FENCE VIEWERS OF CHELSEA.

Suffolk.   March 5, 1951. — May 9, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*Fence.   Real Property*, Fence.   *Certiorari.   Quasi Judicial Tribunal.
Constitutional Law*, Due process of law, Fence.

The duties of fence viewers are quasi judicial in nature.
Certiorari was a proper remedy for review of an order by fence viewers
for the demolition of an existing partition fence and for the construc-
tion of a new fence.
An order by fence viewers, for the construction of a new partition fence
on the dividing line between two adjoining lots of land and for the
demolition of an existing dilapidated, potentially hazardous fence
which, although located wholly on one of such lots, had been treated
by the two landowners as a partition fence and was located so close
to the dividing line that its demolition was necessary for the construc-
tion of the new fence, each of the landowners to do one half of the
required work, did not result in such manifest injustice to the owner
of the lot whereon the existing fence was situated as to require quash-
ing on certiorari, nor unconstitutionally deprive that owner of property.

PETITION for a writ of certiorari, filed in the Superior
Court on June 30, 1950.

The respondents having filed a return, the petition was
dismissed by *Smith*, J., and the petitioner appealed.

*E. A. Grant*, for the petitioner.

*A. E. Finger*, City Solicitor, (*E. Nappan*, Assistant City
Solicitor, with him,) for the respondents.

LUMMUS, J.   The petitioner, the owner and occupant of
the premises at 194 Chestnut Street in Chelsea, brought on
June 30, 1950, this petition for a writ of certiorari against
the respondents, the fence viewers of Chelsea, to quash their
decision, made on June 13, 1950, that a partition fence is
necessary between her premises and those owned and occu-
pied by one Stone at 192 Chestnut Street in Chelsea, that
one be built by the petitioner and said Stone within thirty
days, and that the existing fence be demolished.

After a hearing, the fence viewers found as follows. The existing fence is twenty and one half feet long, between the back yards. It is all on the petitioner's land, being five eighths of an inch from the division line at the point nearest the street, and five inches at the rear. It is "deteriorated, shaky, rotted away in many places, loose, improperly anchored to the ground and lacks stability against wind pressure creating a potential hazard to the owners and tenants of the respective estates." It was built as early as 1913. For the past eighteen years both parties have on various occasions repaired and maintained it and have "considered the existing fence as a partition fence between the lots in the rear of their respective estates." The finding continues, "In order to erect a new fence on the true division line of the two lots, it is necessary to demolish the existing fence to provide adequate clearance for the new construction."

The decree of the respondents was substantially as follows. A division fence is to be built between the back yards, twenty and one half feet long, on the dividing line. Stone is to erect and maintain the front half of that fence, nearer the street, and the petitioner the rear half. Each of them is to paint his own side of the fence. The existing fence is to be demolished, the front half by Stone and the rear half by the petitioner. The fees of the fence viewers are to be divided equally between the parties.

In the Superior Court, on a return by the respondents of certified copies of all their doings, the petition for a writ of certiorari was ordered dismissed, and the petitioner appealed. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706. *Mayor of Beverly* v. *First District Court of Essex, ante,* 56. The duties of fence viewers are quasi judicial in nature (*Scott* v. *Dickinson,* 14 Pick. 276; *Lamb* v. *Hicks,* 11 Met. 496; *Deane* v. *Garniss,* 294 Mass. 221, 225; *Sanborn* v. *Fellows,* 22 N. H. 473, 488–489; *Pickerell* v. *Davis,* 164 Iowa, 576, 580–581) and not according to the course of the common law (*Rust* v. *Low,* 6 Mass. 90, 95), and we think that certiorari, though believed not to have been used before in Massachusetts in a case like this, is a proper remedy.

*Marcus* v. *Street Commissioners of Boston*, 252 Mass. 331. *Worcester Gas Light Co.* v. *Water Commissioners of the Woodland Water District of Auburn*, 314 Mass. 60, 62–63. *Tracht* v. *County Commissioners of Worcester*, 318 Mass. 681, 686. *Fino* v. *Municipal Court of the City of Boston*, 326 Mass. 277.

The general duty to maintain a partition fence is declared in G. L. (Ter. Ed.) c. 49, § 3, in these words, "The occupants of adjoining lands enclosed with fences shall, so long as both of them improve the same, maintain partition fences in equal shares between their enclosures." In the present case there was a fence which the parties had treated as a partition fence (*Garrett* v. *Sewell*, 95 Ala. 456; *Card* v. *Dale*, 67 Iowa, 552; *McAvoy* v. *Saunders*, 161 Iowa, 651; *Robb* v. *Brachmann*, 24 Ohio St. 3), but it does not appear to have been ordered by the fence viewers or built by agreement, although both parties have repaired it at times. That section "does not set limits to the power of fence viewers to order partition fences, but merely states one situation in which a general duty is imposed even before it is made specific by assignment." *Deane* v. *Garniss*, 294 Mass. 221, 224. General Laws (Ter. Ed.) c. 49, § 6, as appearing in St. 1948, c. 550, § 3, provides that "When a dispute arises concerning the part of a partition fence which under this chapter each party is required to build or maintain, either party may apply to the fence viewers, who, after notice to each party and a hearing, may in writing assign to each his share thereof, and may direct the time within which each party shall erect or repair his share; which assignment, being recorded in the office of the city or town clerk . . . shall be binding upon the parties and upon the succeeding occupants of the land." This section governs "where a partition fence already has been built but never has been divided, and the part which each of the occupants should keep in repair is in dispute." *O'Malley* v. *Meyer*, 221 Mass. 198, 199. General Laws (Ter. Ed.) c. 49, § 18, provides that "Fence viewers, when called upon to act under any section of this chapter, may determine whether a partition fence is required."

It is well settled that the power to order a partition fence along the boundary line includes the power, since a fence must have some thickness, to order half of it to be built on each side of the line. *Deane* v. *Garniss*, 294 Mass. 221, 226. Power to order the removal of a fence which is not on the true division line is given in G. L. (Ter. Ed.) c. 49, § 15. The removal of part at least of the existing fence would be necessary in the erection of a new fence along the boundary line. *Talbot* v. *Blacklege*, 22 Iowa, 572, 578. The existing fence, in the condition in which it is found to be, can hardly be of value to the petitioner. De minimis non curat lex. A writ of certiorari is not granted to give relief against a theoretical or imaginary injury. It must appear that manifest injustice has been done to the petitioner, and no such injustice appears in this case. Many cases to this effect are collected in *Colantuoni* v. *Selectmen of Belmont*, 326 Mass. 778.

Statutes requiring partition fences have been in force since the eighteenth century in Massachusetts. Rev. Sts. (1836) c. 19. It is believed that their constitutionality has never been challenged. See *Holmes* v. *Hunt*, 122 Mass. 505, 516. In other jurisdictions similar statutes have been held constitutional. *Tomlinson* v. *Bainaka*, 163 Ind. 112. *Hill* v. *Tohill*, 225 Ill. 384. Note, 6 A. L. R. 212, 213. In the present case, the only unusual feature of which is the presence of an old fence on the premises of the petitioner, the action of the fence viewers deprived the petitioner of no property. On the contrary, the usable part of her land was enlarged.

*Order dismissing petition affirmed.*