327 A.2d 834.

VINCENT J. PICCIRILLI *et ux. vs.* ALFRED GROCCIA *et ux.*

NOVEMBER 15, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a civil action to enjoin the defendants from maintaining an allegedly illegal 6-foot high stockade fence, and in addition for money damages. The fence in question was erected by the defendants, and is now maintained entirely on their own property approximately

1 inch from the division line between that property and the plaintiffs'. Both properties are located in the city of Providence. Trial of the case before a Superior Court justice without a jury resulted in a judgment denying the plaintiffs damages, but mandating the defendants either to remove their fence or to reduce its height to 4½ feet. The defendants now appeal from the mandatory injunction, and the plaintiffs cross-appeal from the denial of their claim for damages.

Ordinarily G. L. 1956 (1969 Reenactment) ch. 10 of tit. 34 governs fence disputes arising in this state. However, the Legislature in P. L. 1964, ch. 172, sec. 1[1] authorized the city of Providence, notwithstanding the provisions of ch. 10 of tit. 34, to regulate fence related matters by local ordinance. The city enacted such an ordinance.[2] It limits the height of a partition fence, that is, one placed upon a division line between two or more lots, to 4½ feet, and of fences set elsewhere on the property to 6 feet. (§§5-46[d] and 5-54).

## The Defendants' Appeal

The question raised by defendants' appeal is whether a fence located entirely on a person's land, but an inch

---

[1]Public Laws 1964, ch. 172, sec. 1 provides, where pertinent, that:

"Notwithstanding the provisions of chapter 34-10 of the general laws, entitled "Fences," as amended, the city of Providence is authorized to enact ordinances regulating the erection and maintenance of fences * * * to regulate the height and width of such fences; to regulate and control the placing of such fences in the interest of public safety; to prohibit the erection and maintenance of barbed wire fences; to define and prohibit spite fences and provide for their removal; to provide for the payment of fees of the fence viewer of said city; and to provide for penalties for failure to comply with such ordinances and rules and regulations as may be adopted thereunder."

[2]The Providence ordinance entitled "Fences" appears in §§5-46 through 5-54 inclusive of the Code of Ordinances of the City of Providence, approved April 21, 1968, as amended.

from a division line, is a partition fence. The plaintiffs argue that a negative answer would permit a landowner to avoid or defeat the clear intent of the ordinance and "completely emasculate" the law. *Talbot* v. *Blacklege,* 22 Iowa 572, 578 (1867).[3]

Almost a century ago, however, this court in *Howland* v. *Howland,* 14 R. I. 560, 562 (1884), took a contrary view and held that the plain, clear meaning of the statutory declaration that "all partition fences shall run on the dividing line" required the finding that a fence set back only 2 feet from the dividing line was not a partition fence. *Accord, Maudlin* v. *Hanscombe,* 12 Colo. 204, 20 P. 619 (1888); *Huntley* v. *Osborn,* 198 S.W. 1115 (Kan. City Ct. App. 1917).

One apparent basis for that holding was that a property owner who elected to build a fence on his own property, rather than on a common dividing line, thereby relinquished the right to compel his abutting neighbor to contribute to the cost of its building, maintenance or rebuilding. Correlatively, to the extent that the neighbor could not be required to share that cost it was to his advantage that the fence had been placed entirely on another's property. This reasoning and the *Howland* decision itself lead us to conclude that the meaning of the language "upon a common division line," as it appears in the relevant ordinance, is plain and does not license an approximation of its terms.

The long-standing acquiescence by the Legislature in our

---

[3]The defendants also cite *Butman* v. *Fence Viewers,* 327 Mass. 386, 99 N.E.2d 44 (1951). There the fence in question was 5/8ths of an inch from the division line at the point nearest the street, and 5 inches therefrom at the rear of the lot. While it was held to be a division fence, that holding rests solely upon the factual determination that for 18 years the parties had treated the line upon which the fence stood as the true division line.

holding in *Howland* warrants our assuming its approval of this view. *Mercurio* v. *Fascitelli*, 107 R. I. 511, 516, 268 A.2d 427, 430 (1970); *Colarusso* v. *Mills*, 99 R. I. 409, 415, 208 A.2d 381, 385 (1965). Since the circumstances here do not compel us to depart from the *Howland* case and hold that defendants' fence is a partition fence, it was error to treat it as such and require its removal or alteration to a height not exceeding 4½ feet.

### The Plaintiffs' Cross-Appeal

The plaintiffs' claim to damages rests upon two theories: (1) that one of the fence pickets or stakes exceeds the ordinance's 6-foot height limitation by about ⅞ths of an inch, a fact defendants conceded in oral argument, and (2) that uncontradicted testimony established that the presence of defendants' fence reduced the value of plaintiffs' property by $8,000.

An obstacle to the recovery of damages on the first theory is that the section of the Providence ordinance (§5-54) regulating fences exceeding 6 feet (commonly known as spite fences) does not include as a remedy the right to recover damages. In this respect, it differs from its statutory counterpart (§34-10-20), which specifically provides that an owner or occupant may maintain an action for damages if injured in either the comfort or the enjoyment of his estate because a neighbor has erected a fence which unnecessarily exceeds 6 feet in height.

Moreover, even if an action for damages were otherwise maintainable, a condition precedent to its successful prosecution would be proof that the allegedly objectionable fence was erected *solely* for the avowed purpose of damaging the abutting neighbor and not for the purpose of benefiting or advantaging the person upon whose property the fence was constructed. *See Musumeci* v. *Leonardo*, 77 R. I. 255, 258-59, 75 A.2d 175, 177 (1950). Here, the trial jus-

tice found that this was not so. The plaintiffs do not challenge that finding, and are therefore foreclosed from recovering damages on this basis.

Finally, plaintiffs' second theory, which is premised upon a denial of their right to light and air, must fail. The damage complained of is deemed *damnum absque injuria* and is not recognized in this state. *Musumeci* v. *Leonardo, supra* at 260, 75 A.2d at 177-78.

### The Offensive Picket

As already observed, one of the fence pickets concededly exceeds the permissible height by approximately ⅞ths of an inch. Under §5-54 of the applicable ordinance plaintiffs' remedy is to apply to the fence viewer for a removal order. If such an order were obtained and defendants failed to comply therewith within 30 days, plaintiffs would be authorized to have the offending picket removed and would be entitled to recover from defendants double the cost of the removal, plus interest at the rate of 10 percent. To compel strict compliance with those provisions in the present circumstances might needlessly exacerbate an already tense situation and could conceivably lead to further litigation. The possible avoidance of these risks in these peculiar circumstances justifies, we think, our decision to bypass the fence viewer and directly order defendants to comply with the 6-foot height requirement with respect to the offending picket.

For the reasons indicated, the defendants' appeal is sustained in part and overruled in part, the plaintiffs' cross-appeal is denied and dismissed, the judgment appealed from is reversed except with respect to the reduction in height of the offending picket, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Peter Palombo, Jr.,* for plaintiffs.

*Hawkins & Hoopis, Harry J. Hoopis,* for defendants.